1:05-CV-1425
J. Rambo

AO 243 (Rev. 5/85)   MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | Middle district of PA |
|---|---|---|
| Name of Movant: GEOVANI DAVILA | Prisoner No. 54826-066 | Case No. CR-01-018 |
| Place of Confinement: FCI Gilmer, WEST VIRGINIA. | | |

UNITED STATES OF AMERICA   v.   GEOVANI DAVILA
(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack: United States District Court, Middle district of Pennsylvania.

2. Date of judgment of conviction: February 8, 2002.

3. Length of sentence: 384 months

4. Nature of offense involved (all counts): Conspiracy to distribute heroin, resulting in an overdose death. §846, §841(b)(1)(C).

FILED
HARRISBURG, PA
JUL 18 2005
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
N/A

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☐ No ☐

AO 243 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court __United States Court of Appeals, Third Circuit.__

   (b) Result __affirmed__

   (c) Date of result __March 27, 2003; Supreme court cert. den. Oct. 6, 2003.__

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
    Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

    (a)(1) Name of court __N/A__

    (2) Nature of proceeding _____

    (3) Grounds raised __N/A__

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
    Yes ☐ No ☐

    (5) Result __N/A__

    (6) Date of result _____

    (b) As to any second petition, application or motion give the same information:

    (1) Name of court __N/A__

    (2) Nature of proceeding _____

    (3) Grounds raised __N/A__

AO 243 (Rev. 5/85)

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐ No ☐

    (5) Result _____ N/A _____

    (6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
    (1) First petition, etc.    Yes ☐ No ☐
    (2) Second petition, etc.    Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:
_____ N/A _____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Plea entered inviolation of petitioner's 5th & 6th Amendment Right of the United States Constitution.

Supporting FACTS (state *briefly* without citing cases or law): The plea agreement petitioner signed reflected a 30yrs sentence without specific amount of heroin charged, proven and submitted to reflect if such amount caused death in this case.

B. Ground two: Sentence imposed inv.iolation of petitioner's Sixth Amendment Right to the Constitution of the United States

Supporting FACTS (state *briefly* without citing cases or law): The sentence of 384 months imposed was done solely and unilaterally by the judge in violation of Blakely v. Washington, for the enhancement on conduct not charged in the indictment or plead to by petitioner

C. Ground three: Ineffective Assistance of counsel for counseling petitioner into plea of guilty.

Supporting FACTS (state *briefly* without citing cases or law): Criminal counsel's failure to investigate this case and interview witnesses that would have provided a contrary picture of the events of

AO 243 (Rev. 5/85)

> November 24, 2000 as proof that petitioner did not make that sale or was involved in it before counseling into plea.
>
> D. Ground four: District Attorney did not qualify as forensic autopsy expert, making his testimony invalid.
>
> Supporting FACTS (state *briefly* without citing cases or law): At the plea hearing proceeding, there was no qualified forensic expert testimony to enable his background and method of testing be challenged. District Attorney was not a qualified forensic autopsy expert to prove cause of death for testimony to be admissible. (contd. on back page).

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: N/A

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

   (a) At preliminary hearing  No counsel represented the transfer hearing.

   (b) At arraignment and plea  Thomas A. Thornton|| 100 Chestnut Street|| Suite 306, Harrisburg, PA 17101.

   (c) At trial  N/A

   (d) At sentencing  same as above

AO 243 (Rev. 5/85)

(e) On appeal  Daniel I. Siegel, Assistant Federal Pub. Def.
100 Chestnut Street, Suite 306, Harrisburg, PA 17101.

(f) In any post-conviction proceeding  N/A

(g) On appeal from any adverse ruling in a post-conviction proceeding
N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☐

(a) If so, give name and location of court which imposed sentence to be served in the future:
N/A

(b) Give date and length of the above sentence: N/A

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

Vacate, set aside or correct sentence &
an evidentiary hearing.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on
July 14, 2005
(date)

_____
Signature of Movant

GROUNDS CONTD.

Ground Five: Gideon violation at the removal hearing held in Philadelphia in January 2001.

Facts: On or about January 24, 2001 in Philadelphia, petitioner unknowingly waived an extradiction hearing to remove his case without counsel representation that was known to him in violation of his Sixth Amendment Right to counsel, at a critical stage of this case.

Ground Six: Mifflin County district attorney was without jurisdiction to prosecute.

Facts: Petitioner's investigation has revealed that the Mifflin County DA steve Snook, acting as a Special Assistant United States Attorney (SAUSA), was without jurisdiction to try this case or be involved because his appointment as a SAUSA has expired during the prosecution of this case.

Ground Seven: The federal guidelines used in this case is unconstitutional.

Facts: Blakely v. Washington, decision has invalidated the sentencing guidelines that was used in sentencing petitioner in this case.

Ground Eight: Restitution imposed failed to conform with the law.

Facts: The court imposed an $11 109.66 and $100 restitution to the victim family without conducting

GROUNDS CONTD.

a proper financial background as to whether or not petitioner is capable of or has the means to pay such an amount.

Ground Nine: Petitioner's due process was violated because he did not hear properly and understand the plea and sentencing proceedings.

Facts: Petitioner has a hearing disability which impaired his hearing and understanding ability in the plea and sentencing process. Petitioner's answers to questions put by the court were mostly from counsel's gestures to answer yes.

IN THE U.S. DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GEOVANI DAVILA, Pro.Se
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

Civil Action No.
Criminal Case No. 1:CR-01-018

FILED
HARRISBURG, PA
JUL 18 2005
MARY E. D'ANDREA, CLERK
Per _____
       Deputy Clerk

Judicial Notice

Before the court is Petitioner's motion purusant to 28 U.S.C. § 2255. Petitioner had previously filed his timely § 2255 motion with the clerk of court September 15, 2004, along with motions to appoint counsel and private investigator, and a motion for discovery together with a memorandum of law in support of the § 2255 motion. Sometime around November 23, 2004, the court issued an order dismissing Petitioner's § 2255 motion without prejudice and invited Petitioner to refile his § 2255 motion at the Appropriate time. At the time this order was issued Petitioner had been transferred from F.C.I. Schuylkill, the order was returned "Refused". The order was resent to F.C.I. Beckley by mistake and did not arrive at F.C.I. Gilmer in West Virginia ("Petitioners true designation") until July 7, 2005. See attached envelope that contained Judge Rambo's order post marked July 5th, 2005. For this reason Petitioner would ask that this court take judicial notice that the currently re-submitted § 2255 motion is timely.

Dated: July 14, 2005

                                    Geovani Davila
                                    Pro.Se. Petitioner.

OFFICE OF THE CLERK
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

U.S. COURTHOUSE
228 WALNUT STREET
P.O. BOX 983
HARRISBURG, PA 17108

OFFICIAL BUSINESS

Geovani Davila   54826-066
FCI Gilmer
P.O. Box 6000
Glenville, WV 26351-6000





IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**     :     CRIMINAL NO. 1: CR-01-018

v.

**GEOVANI DAVILA**

## O R D E R

Before the court is Defendant's petition filed pursuant to 28 U.S.C. § 2255. The court will review the petition pursuant to Rule 4 to the Rules Governing Habeas Corpus Cases under Section 2254 to determine if Petitioner is entitled to relief.

Petitioner seeks to vacate, set aside and correct a sentence claiming that his sentence violated the holding in *Blakely v. Washington*, 542 U.S. ___, WL 1402697 (2004). The *Blakely* decision applied to the sentencing structure of the State of Washington. At the present time, the Supreme Court has not declared the United States Sentencing Guidelines unconstitutional, although the issue is pending. Until such time as the Supreme Court rules on this issue, as well as whether any decision on this issue is retroactive and available to raise on collateral review, the instant petition is premature.

**IT IS THEREFORE ORDERED THAT:**

1) The petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2255 is dismissed without prejudice to refile at the appropriate time.

2) Defendant's motions for appointment of counsel and private investigator, and to request discovery are dismissed as moot.

3) The Clerk of Court shall close the file.

                                                         s/Sylvia H. Rambo
                                                         Sylvia H. Rambo
                                                         United States District Judge

Dated: November 23, 2004.