UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
--------------------------------x

GEOVANI DAVILA,
              Petitioner,

        v.                          CIVIL ACTION NO.
                                    (Crim.#01cr018)      **FILED**
                                                         HARRISBURG, PA
UNITED STATES OF AMERICA,
              Respondent,
                                                         JUL 1 8 2005
--------------------------------x
                                                         MARY E. D'ANDREA, CLERK
                                                         Per _____
                 MEMORANDUM INSUPPORT OF MOTION                Deputy Clerk
           TO VACATE SENTENCE PURSUANT TO §2255

        INTRODUCTION:

        COMES NOW GEOVANI DAVILA, petitioner pro se at

FCI Beckley, West Virginia, files this memorandum insupport

of motion to vacate, set aside or correct sentence of

a federal prisoner incustody.

        BACKGROUND

        On or about Janurary 17, 2001, petitioner was charged

by way of an indictment in a heroin conspiracy that

did not specify an amount, caused an overdose death

under §846, §841(a)(1) and (b)(1)(C) 21 USC, in a single

count that named no other person but petitioner only.

        Petitioner was convicted by way of a plea of guilty

to the single count and sentenced to 384 months, $11,109.66

restitution to Harold E. Eckley and $100 to Ariel Bohn

both family of the victim, and $100 special assessment

2

fee imposed by the Honorable Sylvia H. Rambo, Judge,
on or about February 8, 2002.

A direct appeal to the Third circuit was denied
on or about March 27, 2003. No. 02-1446. And an application
for certiorari to the Supreme court of the United States
was also denied on or about October 6, 2003.

Petitioner was represented by counsel at some of
the criminal process and at direct appeal.

No further action was taken in this case till this
present §2255 petition.

JURISDICTION

The district court has jurisdiction pursuant to
Section 2255 28 USC.

SUMMARY OF CLAIMS

1. Petitioner's plea was entered and accepted inviolation
of his 5th amendment to due process and 6th amendment
to charges of all elements that constitutes a crime
in his indictment.

2. The sentence imposed by the court is inviolation
of petitioner's 6th Amendment right not to exceed the
statutory maximum charged, proven and submitted to the
court or what he agreed and understood.

3. Petitioner's Sixth amendment to effective assistance
of counsel was violated in counseling the guilty plea
and failure to challenge the government's case.

4. Petitioner due process and sixth amendment was
violated for admitting evidence of forensic autopsy

3

from a non expert and for failure to qualify the credentials and evidence handling and chain of command.

5. Petitioner's Sixth amdndment to counsel representation was violated during the removal hearing process held in Philadelphia in January 2001, also known as the Gideon violation.

6. The Mifflin County District Attorney was without jurisdiction to prosecute petitioner as a Special Asst. United States Attorney (SAUSA), because his appointment has expired.

7. The sentencing guidelines used in this case is unconstitutional.

8. The restitution imposed is invalid for failure to conform to the law.

9. Petitioner's plea is invalid because he did not hear and understood most of the proceedings admitted due to his hearing disability.

ARGUMENT

1. THE PLEA ENTERED INVIOLATION OF PETITIONER'S DUE PROCESS & 6th AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES.

In petitioner's indictment for which a plea was entered, charges inpart the following:

> 1. "Beginning on or about dates unknown to the Grand Jury . . . . the defendant . . . . along with individuals . . . knowingly and intentionally combined, conspired, . . . possess with intent to distribute, heroin, a schedule I controlled substance."

4

2. "In furtherance of this conspiracy
and to attain the objects thereof the
defendant . . . numerous distribution
of heroin including a distribution of
heroin on or about November 24, 2000,
which distribution resulted in the death
of an individual in Mifflin Pennsylvania
as a result of the use of the heroin."

"All inviolation of Title 21 USC ¶846,
§841(a)(1) and (b)(1)(C)."

Petitioner argues that this charge he entered a
plea of guilty is fundamentally defective to support
the plea in two major ways. First, the charge failed
to name the idividual whose death resulted by it. And
second, it failed to specify an amount of heroin distributed
that resulted in the death of the alleged individual.
The petitioner contend that the individual's forensic
autopsy report identified for which petitioner was convicted
and sentenced did not and could not have died from an
inditerminate amount of heroin which petitioner will
assume is one (1) gram charged on or about November
24, 2000.

In United States v. Rebmann, 321 F.3d 540, 542
(6th Cir. 2003), the court held that "the "if death
results" provisoin of 21 USC §841(b)(1)(C) is an element
that must be proven beyond a reasonable doubt; it is
not a sentencing factor to be determined by sentencing
judge by a preponderance of the evidence." The recent
Supreme court decision in Blakely v. Washington, U.S.
No. 02-1632, 75 Crl 308 (2004), further goes to clarify

5

what "statutory maximum" meant, to mean what was reflected
in the charge, found by the jury or what the defendant
agreed to. In this instant case, "one" (1gm) gram of
heroin; and definitely not the death of the "unnamed"
individual not in charging papers as required in murder
charges. Forensic autopsy report of the death of Joshua
Woods could have been caused by drug overdose distributed
by others, order than petitioner's "one" gram of heroin
charged.

Further, the samples of the drug alleged to have
caused death was not factually linked to petitioner
        to support the distribution and conspiracy
of the heroin alleged to have resulted in death even
though the forensic report "felt" the death was as a
result of drug overdose which could have been any other
type of  drugs not charged in the indictment.

Therefore, petitioner's plea is involuntary, unintelligent
and unknowingly entered into to support his guilty plea
and sentence beyond a reasonable doubt. See, United
States v. Garth, 188 F.3d 99, 106 (3rd Cir. 1999). Petitioner
is factually and legally innocent of this conviction
and sentence.

    2. SENTENCE IMPOSED IS INVALID

    In Blakely v. Washington, U.S. No. 02-1632, 75 Crl
284, 308 (2004), a case involving the kidnapping of
his estranged wife in whch Blakely enters a plea of

6

guilty. Under the State law, the court imposed an "exceptional"
sentence of 90 months after making a judicial determination
that he had acted with "deliberate cruelty." However,
the Supreme court of the United States held that the
facts admitted in his plea, standing alone, supported
a maximum sentence of 53 months, siding with Blakely
that the sentencing procedure deprived him of his federal
constitutional right to have a jury determine beyond
a reasonable doubt all facts legally essential to sentence.
The court reflected that it decision is based on two
long standing tenents of common-law criminal jurisprudence:
"that the "truth of every accusation" against a defendant
"should afterwards be confirmed by the unanimous suffrage
of twelve of his equals and neighbors," citing, 4 W
Blackstone, Commetaries on the laws of England 343 (1769),
and that "an accusation which lacks any particular fact
which the law makes essential to the punishment is .
. . no accusation within the requirements of the common-
law, and it is no accusation in reason," citing, 1 J.
Bishop criminal procedure §87, p. 55 (2d ed. 1872).

The Blakely court clarified that the relevant "statutory
maximum" is not the maximum sentence a judge may impose
after finding additional facts but the maximum he may
impose without any additioal findings. When, a judge
inflects punishment that the jury's verdict alone does
not allow the jury has not found all the facts "which

the law makes essential to punishment," citing, Bishop,
supra, §87 at 55, and the judge exceeds his proper authority.
The court clearly spoke unequivocally that Blakely opinion
is solely on how to implement and respect the Sixth
Amendment at sentencing process. In taking that position,
the court cites bizzare situations where with no warning
in either his indictment or plea, a defendant would
routinely see his maximum potential sentence baloon
from as little as five years to as much as life imprisonment
in 21 USC §841(b)(1)(A) (D), based not on facts proved
to his peers beyond a reasonable doubt, but on facts
extracted after trial from a report compiled by a probation
officer who the judge thinks more likely got it right
than got it wrong. Blakely, supra.

In this instant case, the court imposed a sentence
of 384 months to a charge of drug conspiracy that failed
to specify an amount. Further, the charge also failed
to named whose death the inditerminate drug amount caused
his or her death. The principles of Blakely is not meant
in the sentence imposed which petitioner argues violated
his sixth amendment right. The factual basis of this
case failed to establish a clear "nexus" of the heroin
that caused overdose death to petitioner since no drug
was recovered to match what the victim possess at death.
In addition, petitioner did not have any contact with
the victim at all on or about November 24, 2000. Petitioner
denies any responsibility to the November 24, 2000 heroin

8

distribution and he now claims as maintained to counsel during the criminal process that he is innocent of that very sale of November 24, 2000.

3. INEFFECTIVE ASSITANCE OF COUNSEL INTO
   PLEA OF GUILTY COUNSELING

The federal courts has laid out a well established standard of ineffectiveness of counsel which requires petitioner to show (1) that the representation fell below an objective standard of reasonableness measured by prevailing professional norms; and (2) prejudice. See, Strickland v. Washington, 466 US 668 (1984). The courts define the existence of prejudice where a petitioner can show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. The standard the court acknowledges applies to claims arising in the context of guilty pleas. See, Hill v. Lockhart, 474 US 52 (1985), United States v. Nahodil, 36 F.3d 323, 326 (3rd Cir. 1994).

In this instant case, petitioner argues that he would not have entered into a plea of guilty if not for counsel's ill-advise and misleading informations about the facts and sentence petitioner faces.

First, counsel failed to explain to petitioner that for him to be convicted, the government is required to prove beyond a reasonable doubt that the inteterminate

9

heroin alleged to have been distributed caused death.
The name of the alleged dead person was required to
be in the charge, proven and submitted to the jury.
In order words, two most important elements here are
required to find guilt, which is the amount of heroin
sold and the person's name petitioner is alleged to
have sold to that caused his or her death. Because this
two important elements were missing in the charge, petitioner's
conviction is invalid and counsel's advise to a plea
of guilty was ill-advised.

Petitioner informed counsel that he did not participate
in the alleged November 24, 2000, sale of heroin to
any one and petitioner had an alibi to support his whereabout
as at the time the alleged sales was consumated. Counsel
failed to follow the lead and investigate petitioner's
claims. See, Kubat v. Thieret, 867 F.2d 351, 360 (7th
Cir. 1989). Instead, counsel misled petitioner by saying
that it does not matter whether or not he directly conducted
that November 24, 2000 sale, so long as he was involved
in prior sales. Petitioner's position was supported
because after his arrest and detention in this case,
drug activities was still ongoing between the Lewistown
drug addicts and the Philadelphia drug sellers. (sse,
sentencing trancripts at 12):

MR THORNTON: Your Honor, I think it needs
to remembered though that Mr. Davila

10

> has never been to Lewistown . . . It
> is even my understanding that after Mr.
> Davila was arrested, the people from
> Lewistown continued to call the telephone
> number that had been assigned to Mr.
> Davila.

Sentencing Transcripts at 14:

> THE DEFENDANT: Your Honor . . . And by
> me being incarcerated, these people are
> still going down there to get the stuff
> which I am truly sorry for what happened.

In addition, petitioner explained to counsel that his girl friend, Justina Rodriguez cell phone had been missing within the period of time of this alleged drug sales which counsel himself acknowledged that petitioner did not transact. (Plea transcripts at 18)

> MR. THORNTON: Your Honor, . . . It was
> not obviously an intentional act on
> Mr. Davila's part that these people
> overdosed, but he certainly did not
> sell the heroin that caused this.
> THE COURT: There was an intent to at
> least sell the heroin?

Petitioner contend that the alleged charge accused him of selling heroin that caused overdose death and not "an intent" to do so. See, Bailey v. Undited States, 133 L.Ed 2d 472 (1995), where the court held that "actual"

11

use is required to convict as in here "actual sales
is also required to convict and not an "intent."

Further, counsel failed to test the government's
forensic autopsy report by looking into the qualification
and certification of the lab and it testing process
and personnel. Counsel permitted the district attorney
that was acting as a special assistance United States
attorney to present the forensic autopsy report, without
a formal qualification as an expert on that field. Counsle
did not even question the District Attorney's appointment
as a Special Assistance United States Attorney (SAUSA),
whose terms may have expired during petitioner's prosecution.
See, United States v. Navarro, 959 F.Supp. 1273 (E.D.Cal.
1997).

    4. DISTRICT ATTORNEY NOT QUALIFIED AS
       FORENSIC AUTOPSY EXPERT

In Veloso v. Western Bedding Supply Co. Inc., 281
F.Supp.2d 743, 749 (D.N.J. 2003), the court held that
under the Third circuit, three requirements must be
met to qualify as an expert in the field of testimony
which the court held as follows: (1) the witness must
be qualified as an expert; (2) the expert must testify
about matters requiring scientific, technical or specialized
knowledge; and (3) the expert's testimony must assist
the trier of facts.

In this instant case, at petitioner's change of
plea hearing on June 20, 2001, Mr. Snook, who is the

12

District Attorney of Mifflin County and a Special Assistant
United Attorney, presented the forensic autopsy report
without qualification as an expert in forensic medicine
nor as the expert that done the testing procedure. (see,
plea hearing at 15). The court relied on this testimony
to convict and sentence petitioner accordingly inviolation
of his constitutional right to be convicted on a valid
evidence that meets constitutional standards.

    5. GIDEON VIOLATION

    In Gideion v. Wainwright, 372 US 335 (1963), the
court held that the Sixth Amendment provides, "in all
criminal prosecution, the accused shall enjoy the right
. . . to have the assistance of counsel for his defense."
372 US at 340. This right the federal court has recognized
applies to all stages of the proceeding.

    In this instant case, petitioner argues that he
was not represented by counsel at the removal proceeding
in Philadelphia in January 24, 2001, at the Eastern
district of Pennsylvania. If counsel was appointed to
represent petitioner in that proceeding, petitioner
has no recollection which has resulted in the illegal
waiver to challenge his charges that was pending
in the Middle district of Pennsylvania. In that hearing,
the alleged sealed indictment was for an unknown "John
Dow" who petitioner believes is not him since the records
of this case shows now that drug activities were still

13

ongoing after his arrest and detention between the Lewistown
drug addicts and the drug sellers in Philadelphia. Petitioner
has been used as the "fall guy" in this alleged drug
sale of November 24, 2000, that he has no knowledge
or was involved.

        6. MIFFLIN COUNTY DA LACK JURISDICTION
           TO PROSECUTE

     In United States v. Navarro, 959 F.Supp. 1273,
1278 (E.D. Cal. 1997), the court held that the SAUSA,
may be appointed for a period not exeeding four years
for work of mutual concern to that agency and the local
government. See, 5 USC §3372(a). The statute provide
in part that such assignment may not exceed two years
at a time which can be extended once by the head of
the federal agency for not more than two additional years.
5 USC §3372(a)(2).

     In this instant case, petitioner's investigation
has disclose that Mr Snook, the SAUSA has exceeded the
mandate of his prosecutorial duties during petitioner's
case. Because the error is jurisdictional, it is not
waived even though no objection was made duriing the
prosecution. Therefore, petitioner move this court to
conduct an evidentiary hearing to determine petitioner's
claims including the production of Mr. Snook's appointment
papers and official oath of office administered dates.

14

7. The recent Supreme Court decision in **Blakely v. Washington** and **United States v. Booker** must be applied in the instant matter.

A. The Federal Guidelines applied at the Petitioner's sentencing were unconstitutional.

In the instant case, the Petitioner was sentenced under federal sentencing guidelines that the United States Supreme Court has since ruled are unconstitutional. The Petitioner submits, this Court has also recently concluded that the federal sentencing guidelines are unconstitutional. Specifically, in **Blakely v. Washington**, the Supreme Court clarified the meaning of "statutory maximum" sentence to mean "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant". In addition, the High Court concluded that a sentence imposed by a judge by enhancing additional points is invalid. Upon that background, several federal courts have ruled that the federal sentencing guidelines were unconstitutional, including **United States v. Booker**, 7th Cir. Case No. 03-4225 (159 L.Ed.2d 838); **United States v. Montgomery**, 6th Cir. Case No. 03-5256; and **United States v. Croxford**, D. Utah, Case No. 02-CR-00302, 75 Crl 469 (2004). As an initial matter, the Petitioner notes that in his previous motion pursuant to Title 28 U.S.C. § 2255, an issue was raised under the banner of **Blakely/Apprendi** that the Petitioner's sentence was improper because it violated the holding in **Blakely v. Washington**. The Petitioner's argument made no mention of the announcements that later came in **United**

15

**States v. Booker.** However, in respect to the Petitioner's previous § 2255 motion, this Court ordered that:

> At the present time, the Supreme Court has not declared the United States Sentencing Guidelines unconstitutional, although the issue is pending. Until such time as the Supreme Court rules on this issue, as well as whether any decision on this issue is retroactive and available to raise on collateral review, the petitioner is premature.

The Court further stated in the Order that:

> 1) The petition for Writ of Habeas Corpus filed pursuant to Title 28 U.S.C. § 2255 is dismissed without prejudice to refile at the appropriate time.
>
> 2) Defendant's motions for appointment of counsel and private investigator, and to request discovery are dismissed as moot.

The Petitioner submits, the Supreme Court has now declared the United States Sentencing Guidelines unconstitutional in light of **Blakely** and **Booker**, therefore in light of this Court's earlier invitation to refile at the appropriate time, the Petitioner now puts forth the instant motion under § 2255 asking that all claims previously put forth in addition to his **Blakely** and **Booker** claims be considered as well. The Petitioner offers the following legal averments in support of (A) Ground One and (B) Ground Two in the attached pre-printed § 2255 form motion.

The United States Constitution guarantees each defendant a trial by jury wherein no punishment is imposed until a jury determines the defendant guilty of particular conduct beyond a reasonable doubt. See United States Constitution, Amendments

16

Five and Six.  At odds with that system is the Sentencing Reform
Act of 1984, which sets up a system that appears to
allow a district court to sentence or punish a defendant based
upon conduct that is not admitted or proven beyond a reasonable
doubt.  (Title II of The Comprehensive Crime Control Act of
1984); U.S.S.G. Chapter 1, Part A, intro., comment (3).

In addition to a base sentencing range established by
reference to the jury verdict alone, the guidelines prescribed
enhanced sentencing ranges based on sentencing factors that
are determined by a judge after trial, by a preponderance of
the evidence.  U.S.S.G. Chapter 1, Part A, introduction, comment
(2) and (4)(a).  In his dissent in **Harris v. United States**,
122 S.Ct. 2406, 153 L.Ed.2d 524 (200), Justice Thomas reminded
us that due process requires that every fact necessary to constitute
a crime must be found beyond a reasonable doubt by a jury if
that right is not waived.  **Id.** at 2424 (Thomas, J., dissenting),
citing **In re Winship**, 397 US 358, 364, 25 L.Ed.2d 368, 90 S.Ct
1068 (1970).  Society has long recognized a necessary link
between punishment and crime.  **Harris**, 122 S.Ct. 2424 (Thomas,
J., dissenting), citing **Apprendi v. New Jersey**, 530 US 466,
478, 120 S.Ct. 2348 (2000) ("The defendant's ability to predict
with certainty the judgment from the face of the felony indictment
flowed from the invariable linkage of punishment with crime").
"Why, after all, would anyone care if they were convicted of
murder, as opposed to manslaughter, but for the increased penalties

17

for the former offense, which in turn reflect the greater moral opprobrium society attaches to the act?" **Harris**, 122 S.Ct. at 2424 (Thomas, J., dissenting).

Recognizing this fundamental defect in the manner in which criminal defendants were sentenced, the Supreme Court sought to remedy the situation through its ruling in **Apprendi v. New Jersey**. In **Apprendi**, the Court stated that if a statute annexes a higher degree of punishment based on certain circumstances, exposing a defendant to that higher degree of punishment requires that those circumstance be charged in the indictment and proven beyond a reasonable doubt. **Apprendi**, 530 US at 480 (quoting J. Archbold, **Pleading and Evidence in Criminal Cases 51** (15th Ed. 1862)). More succinctly, the Court stated that "other than the fact of a prior conviction, any fact that increases the penalty for crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." **Apprendi** 530 US at 490 (2000). In **Ring v. Arizona**, 536 US 584 (2002), the Supremee Court clarified and reaffirmed this rule. The **Ring** holding is straightforward and clear-cut: The **Apprendi** rule applied to any aggravating fact necessary to expose a defendant to punishment beyond an otherwise mandatory statutory limit. **Id.** As recently observed by the United States District Court for the District of Massach-usetts regarding the Sentencing Guidelines, "the Sizth Amendment guarantee of trial by jury has been eroded as never before in the history of our nation while the institutional judiciary complacently slips into forms of expression and modes of thought that unconsciously reinforce the Department agenda in a powerfully

18

Orwellian way.  **United States v. Green**, 2004 U.S. Dist. LEXIS
11292, *13 (D. Mass. 2004).

After **Apprendi**, the various courts throughout the country
assumed the term "statutory maximum" referred to in **Apprendi**
and **Ring** was the maximum sentence set forth under the statute
listed in the indictment.  The courts have assumed that the
term "statutory maximum" does not apply to the various sentencing
thresholds establised under federal sentencing guidelines.

In **United States v. Promise**, 255 F.3d 150 (4th Cir. 2001),
the Fourth Circuit clearly sets forth a summery of its post-
**Apprendi** holdings, stating that an indictment must state any
fact that increases a penalty beyond  the proscribed statutory
maximum must be submitted to a jury for proof beyong a reasonable
doubt.  Furthermore, for convictions pursuant to Title 21 U.S.C.
§ 841(a) drug quantity was an element of the offense that needs
to be submitted for proof beyond a reasonable doubt.  **Id** at
152.

The Supreme Court's decision in **Blakely v. Wasington**,
124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) further extended the
**Apprendi** decision, indicating that this circuit has been incorrect
in limiting **Apprendi** to merely mean that drug amounts must
be listed in an indictment and that the statutory maximum does
not refer to the Sentencing Guidelines, instead holding that
"the 'statutory maximum' for **Apprendi** purposes in the maximum

19

sentence a judge may impose **solely on the basis of the facts
reflected in the jury verdict or admitted by the defendant.**
When a judge inflicts punishment that the jury's verdict alone
does not allow, the jury has not found all the facts "which
the law makes essential to the punishment". **Blakely v. Wasington,**
124 S.Ct. at 2537 (emphasis in original).

The Court noted that the rule announced in **Apprendi** reflected
two longstanding tenets of common-law criminal jurisprudence:
"that the truth of every accusation against the defendant should
afterwards be confirmed by a unanimous [jury verdict], and
that an accusation which lacks any particulary fact which the
law makes essential to the punichment is ... no accusation
within the requirements of the common law and it is no accusation
in reason." **Id.** The Court then noted the principle in American
jurisprudence that "every fact which is legally essential to
the punishment" must be charged in the indictment and proved
to a jury. **Id.**

The Petitioner submits that compliance with the Six Amendment
requires "any fact that increases the penalty for a crime beyond
the prescribed statutory maximum" to be proved beyond a reasonable
doubt. **Apprendi,** 530 US at 490. The prescribed "'statutory
maximum' for **Apprendi** purposes is the maximum sentence a judge
may impose solely on the basis of the fact reflected in the
jury verdict or admitted by the defendant. **Blakely,** 124 S.Ct.
at 2536. The jury verdict alone - or the defendant's admission

20

alone - "must authorize the sentence." **Id.**  Therefore, the upper
bound of the appropriate guideline range, based on facts proven
to a jury beyond  a reasonable doubt or admitted by the defendant,
establishes the relevant statory maxiumum for **Apprendi** purposes.
Under the federal Sentencing Guidelines, drug amounts, enhancements
based on a specific offense characteristic, and upward departures
all have the same effect - namely, the all **increase** the maximum
permissible sentence under the guidelines.  A judge's reliance
on such factors at sentencing is therefore unconstitutional.

The aforementioned argument based upon the Court's decision
in **Blakely** was further bolstered by the recent decision issued in
**United States v. Booker,** 125 S.Ct. 738 (2005).  In **Booker,**
the Court ruled that the federal Sentencing Guidelines were
not mandatory in issuing federal sentences, but are to be used
merely as an advisory tool.  **Id.** at 745.  The decision flowed
from Justice Stevens' worry that as sentencing enhancements
found only by a judge by a preponderance of the evidence became
greater, "the jury's finding of the underlying crime became
less significany".  **Id.** at 751.  As such, the Sixth Amendment
right to a jury trial was being usurped, requiring change in
order to preserve "Sixth Amendment substance".  **Id.**  Furthermore,
the Court again reiterated its commitment to the ideal that
any fact other than a prior conviction which is neccessary
to support a sentence exceeding the statutory maximum authorized
by the jury's finding must be proved to a jury beyond a reasonable

21

doubt.  **Id.** at 754-55.  Importantly, the main tenet at issue
in this matter, that the prescribed "'statutory maximum' for
**Apprendi** purposes is the maximum sentence a judge may impose
solely on the basis of the facts reflected in the jury verdict
or admitted by the defendant", is not a new rule of constitutional
law but a rule that was formulated in **Apprendi**.  **Booker**, 125
S.Ct. at 754-55.  However, through the unwillingsness of circuit
court's to apply this rule, clarifying decisions such as **Blakely**
and **Booker** have been issued.  As such, the Petitioner was clearly
sentenced improperly and must now be sentenced according to
the precepts of **Apprendi** as the Petitioner was sentenced well
after **Apprendi** was decided.

Since the **Booker** decision, this circuit has held that defendants
whose sentences have been increased due to Guideline factors
not submitted for proof beyond a reasonable doubt to a jury
have been entitled to a re-sentencing to conform with the decision
issued in **Blakely** and **Booker**.  **United States v. Iskander**, 205
US App. LEXIS 8069 (3rd Cir. 2005).  Specifically, the defendant
in **Iskander** had been sentenced based upon judicially determined
guideline factors, such as the use of "sophisticated means",
that were not submitted to a jury for proof beyond a reasonable
doubt.  **Id.**

In the instant case, the Petitioner was sentenced upon
drug amounts that were not charged in the indictment, the plea

22

agreement the Petitioner signed reflected a thirty (30) year
sentence without a specific amount of heroin stated, agree
to, proven and/or submitted to reflect amount that allegedly
caused death in this case.  Similarly, in the instant case,
the sentence of 384 months was imposed solely and unilaterally
by the District Court in violation of **Blakely v. Washington**
and **United States v. Booker**, in that, the enhancements relied
on by the District Court was conduct not charged in the indict-
ment nor plead to by the Petitioner.  See **Pre-Sentencing Report**.
The Petitioner agreed to plead guilty to count one of the indictment
which charged the Petitioner with a violation of Title 21 U.S.C.
§ 846, conspiracy to distribute heroin and possession with
intent to distribute heroin a schedule I controlled substance.
As a result the remaining count two was dismissed.  However,
the Petitioner was sentenced upon a base offense level pursuant
to U.S.S.G. § 2D1.1(a)(2) which provides for convictions under
Title 21 U.S.C. § 841(b)(1)(C) which in turn prescribes punishment
under paragraph (c) where the offense of conviction establishes
that death or serious bodily injury resulted from the use of
a controlled substance in schedule I or II.  The Petitioner
submits that the only crimes which he was charged with in count
one and could possibly have plead to in count one involved an
unquantified amount of heroin.  As death or serious bodily
injury were not alleged in count one and no drug amounts were
submitted, plead to, proved to a jury or a finder of fact beyond
those charged in the indictment, no sentence could be based

23

upon such elements as drug amounts, increased drug amounts,
death or serous bodily injury. Furthermore, enhancements
such as the firearm enhancement were not submitted for proof
beyond a reasonable doubt and nor was it plead to making it's
use in sentencing the Petitioner improper. The two point level
increase is improper.

Accordingly, as the Petitoner's sentence has been imposed
in violation of his constitutional rights to a jury trial and
due process of law, the instant sentence must be vacated and
this matter remanded for re-sentencing consistent with the
findings of this court and the constitutional principles embodied
in the Fifth and Sixth Amendments.

8.   Restitution was imposed in violation of the law.

This Court at sentencing imposed a restitution in the
amount of  $11,109.66 and $100.00 for the victim's family.
This financial restitution was imposed without a proper finding
as to whether or not the Petitioner is capable of making such
payment.

In **United States v. Siegel**, 153 F.3d 1256, 1261 (11th
Cir. 1998), the court held that the court is required to satisfy
a defendant's financial ability to pay fine or restitution
before the imposition of such penalty.  The court's failure
to conduct a proper finding into the Petitioner's financial

24

ability was in violation of the Petitioner's Due Process right in a sentence resulting in violation of his Eighth Amendment right to excessive punishment.

9.  The Petitioner's disability impaired his ability to hear and understand the plea and sentencing proceedings.

At the change of plea hearing held June 20, 2001, and the sentencing of February 9, 2002, the records make no secrets about the hearing problems this Petitioner experienced in the entire hearing proceedings.  This Court was put on notice several times by the Petitioner and his counsel that he could not hear and follow the Court proceedings properly.  In most cases, the Petitioner's response was based on his counsel's gestures after a question is put accross or statement made by the Court. Although a hearing aid was later given to the Petitioner which did not do much good either to assist him in hearing properly and understanding the Court proceedings.  In fact, it was as if the Petitioner was prosecuted in absential.

As a result of this hearing disability and impairement, the Petitioner was unable to object to several incriminating allegations in this case and properly defend against them. This problems the Petitioner believes is in violation of his Due Process right to the Fifth Amendment of the United States Constitution and the Sixth Amendment to self incrimination.

25

## CONCLUSION

For the reasons stated, relief should be granted, vacating sentence or in the alternative hold an evidentiary hearing to develop the records further before granting the Petitioner Habeas Corpus relief.

Respectfully submitted,

Date: _July 14, 2005_

_Geovani Davila_

Geovani Davila, Pro Se

Reg. No. 54826-066
FCI Gilmer
P.O. Box 6000
Glenville, WV  26351-6000

26

## CERTIFICATION

STATE OF WEST VIRGINIA      )
                            )
COUNTY OF GILMER            )

I hereby certify that under the penalty of perjury the statements
contained herein is true and correct, pursuant to Title 28
U.S.C. § 1746.

Executed and sworn to on this ___14___ day of ___July 2005___.


                                    By: ___Geovani Davila___
                                        Geovani Davila

# PROOF OF SERVICE

I certify that on _July 14 - 2005_ (date) I mailed a copy of this brief and all attachments via first class mail to the following parties at the addresses listed below:

```
Gordon A.D. Zubrod
Assistant US Attorney
Federal Bldg. Room 217
228 Walnut Street
Harrisburg, PA 17108.
```

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on _7-14-2005_ (date) for forwarding to the Court of Appeals. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

_Geovani Davila_
**Signature**

Dated: _July 14 2005_