IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : NO. 1:01-CR-018 |
| | : |
| GEOVANI DAVILA | : JUDGE RAMBO |

**PETITIONER'S RESPONSE TO THE
UNITED STATES' BRIEF IN OPPOSITION
TO PETITIONER'S MOTION TO VACATE**

          **Dennis E. Boyle, Esquire**
          Supreme Court I.D. No. 49618
          1525 Cedar Cliff Drive
          Camp Hill, PA 17101
          Telephone: (717) 737-2430
          Facsimile: (717) 737-2452
          Email: deboyle@verizon.net

          Counsel For: Geovani Davila

Dated: November 4, 2005

## **TABLE OF CONTENTS**

**Page:**

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. COUNTER-STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A. Ineffective Assistance of Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        1. Failure to Investigate Alibi Witnesses . . . . . . . . . . . . . . . . . . . 6

        2. Failure to Investigate Autopsy Reports . . . . . . . . . . . . . . . . . . 8

        3. Improper advice concerning the law of conspiracy and
           sentencing maximum. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    B. Inability to Hear the Proceedings . . . . . . . . . . . . . . . . . . . . . . . . . 12

IV. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# TABLE OF AUTHORITIES

**Statutes and Rules:**                                                                                    **Page(s):**

28 U.S.C. §2255 .................................................... 1, 14


**Cases:**

*Bell v. Cone*, 535 U.S. 685, 122 S.Ct. 1843 (2002) ........................ 6

*Code v. Montgomery*, 799 F.2d 1481 (11th Cir. 1986) ..................... 7

*Helton v. Secretary for the Dept. of Corrections*,
233 F.3d 1322 (11th Cir. 2000), *vacated on other grounds*,
259 F.3d 1310 (11th Cir. 2001) ........................................... 8

*Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366 (1985) .................. 5, 10

*Ritchey v. Mitchell*, 395 F.3d 660 (6th Cir. 2005) ........................ 9

*Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984) ....... 5, 7, 9

*Sullivan v. Fairman*, 819 F.2d 1382, 1391-92 (7th Cir. 1987) ............. 7

*United States v. Day*, 969 F.2d 39 (3rd Cir. 1992) ....................... 11

*United States v. Gibbs*, 190 F.3d 188 (3rd Cir. 1999) .................... 11

*United States v. Gray*, 878 F.2d 702, 711 (3rd Cir. 1989) ................. 7

*United States v. Pressler*, 256 F.3d 144 (3rd Cir. 2001) ................. 11

*Von Moltke v. Gillees*, 332 U.S. 708, 68 S.Ct. 316 (1948) ................ 10

**Miscellaneous:**

Sixth Amendment to the U.S. Constitution . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 10

I.  **INTRODUCTION:**

In his Brief filed *pro se* with the Court on July 18, 2005, the Petitioner raised nine (9) separate issues concerning supporting his request for relief under 28 U.S.C. §2255. Pursuant to Court Order, the Government responded to Petitioner's Brief on September 20, 2005. After reviewing the initial Brief and the Government's response thereto, it is believed that the issue raised in issues 1, 2, 5, 6, 7 and 8 have been fully and fairly addressed in the pleadings. Therefore, the issues which it is believed require an evidentiary hearing are:

> 1.  Was trial defense counsel ineffective in the investigation and pre-trial advice that he provided to Mr. Davila? [A restatement of issues 2 and 3]; and,
>
> 2.  Were Mr. Davila's due process rights violated where he was unable to understand his plea proceeding due to a hearing defect that he had from birth? [Issue 9].

With the exception of these two relatively narrow factual issues, Mr. Davila would rely upon the arguments already made.

II.   **COUNTER-STATEMENT OF FACTS:**

Geovani Davila is a life long resident of Philadelphia who has suffered from both physical deformity and mental retardation. As a result, he never graduated from high school and cannot read or write in any language. He reports that he left school in the 1980's and was in "Special Education" while he was in school. Physically, he appears to suffer from an inherited birth defect that has greatly diminished his ability to hear in both ears. Because of his socio-economic status and the lack of health care, he has not had any medical treatment for his hearing loss.

The events that led to Davila's Indictment continue to be a mystery to Mr. Davila. He reports that he did not know either Josh Woods nor Woods' girlfriend, Ariel Bohn. He further indicates that he never sold heroin in Lewistown, Pennsylvania, nor did he distribute heroin intended for sale in Lewistown. He did, however, sell other narcotics in the Lewistown area.

Following his arrest, Thomas Thornton, Esquire, was appointed to represent Mr. Davila on the Indictment. It was always Davila's intention to aggressively fight the Government's charges, and, to that end, he provided Mr. Thornton with information concerning two witnesses who would have provided him with an alibi for the night Woods and Bohn purchased their heroin in Philadelphia. He does not

2

believe that Mr. Thornton ever contacted these defense witnesses, however. In addition, it is Mr. Davila's position that the toxicology report did not conclusively show that Woods' death was caused by heroin. Davila reports that he raised these issues with Mr. Thornton, but that Mr. Thornton did not investigate any of these issues.

Rather than aggressively investigate the case, however, Davila indicates that Mr. Thornton repeatedly tried to persuade him to plead guilty. Davila understood from Mr. Thornton's explanation of the law of conspiracy that since he (Davila) had sold drugs and that since Woods had died of an overdose, Davila was legally responsible for the death, even though he never sold heroin and was not responsible for the transaction that resulted in Wood's death. Finally, Davila understood from Mr. Thornton that if he pled guilty to the distribution charge, his maximum sentence would be twenty (20) years; he understood that if he went to trial and lost, he would face "double life".

It was a combination of facts, the lack of trial preponderance caused by a failure to investigate, the advice concerning the law of conspiracy and the supposed sentence limitations that caused Davila to decide to plead guilty. On June 20, 2001, he appeared before this Court and tendered a plea of guilty. He indicates that he was

3

provided with a radio to amplify the proceedings; however, he says that he could hear mostly static and was not aware of the factual basis for the plea provided by the Assistant United States Attorney. He therefore did not understand the conduct to which he was admitting.

### III.  ARGUMENT:

#### A.  **Ineffective Assistance of Counsel:**

In response to Davila's initial assertion of ineffective assistance of counsel, the Government appears to make a waiver, or a least partial waiver, argument. *See*, Brief of United States in Opposition to Motion to Vacate pp. 17-18 ("A guilty plea waives most non-jurisdictional arguments, including the right to confront one's accusers"). This argument, however, is misleading and misplaced. To begin with, Davila's claim is that his guilty plea was induced by the ineffective assistance of his trial defense counsel. As the Government acknowledges in its Brief, the Sixth Amendment to the U.S. Constitution guarantees criminal defendants the right to effective assistance of counsel. *See, Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). The Supreme Court has made it clear that the *Strickland* standard "applies to challenges to guilty pleas based upon ineffective assistance of counsel". *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366 (1985).

The allegations of Mr. Davila are that because of a failure to investigate and because of improper legal advice, he pled guilty to an offense of which he was not guilty. Under *Strickland*, a defendant must show that the representation he received from counsel "fell below an objective standard of reasonableness", *Strickland*, 466

U.S. at 688, 104 S.Ct. at 2052, and that there is a "reasonable probability" that the deficient performance prejudiced the defendant. *Id.* at 694, 104 S.Ct. at 2052. As the Supreme Court has noted, claims of failure to investigate, as in the present case, are to be analyzed under the *Strickland* standard. *See, Bell v. Cone*, 535 U.S. 685, 122 S.Ct. 1843 (2002) (counsel's failure to present mitigating evidence subject to *Strickland* analysis).

### 1. **Failure to Investigate Alibi Witnesses:**

Davila's contention at this hearing is premised upon his belief that he did not sell the heroin to Woods and Bohn that resulted in Woods' death. In support of this defense, he provided Mr. Thornton with the names of at least two (2) witnesses who would have testified that Mr. Davila was not present at the location where Woods and Bohn picked up the drugs. He further contends that Mr. Thornton never investigated this defense and that, as a result, he had to enter a plea of guilty. Had Mr. Thornton investigated this defense and interviewed these witnesses, Davila believes that he would have been able to proceed to trial where he may have been acquitted. This failure to investigate also extended to the autopsy report. It is Davila's position that

6

had Mr. Thornton investigated the autopsy results, he would have discovered that Woods died from the use of drugs other than heroin.

It happens that *Strickland* itself involved an allegation of ineffective assistance of counsel based upon a failure to investigate. As the Supreme Court noted, "counsel has a duty to make reasonable investigation or to make a reasonable decision that makes particular investigation unnecessary." *Id.* at 691, 104 S.Ct. at 2052. Although a totality of the circumstances test is normally to be employed in evaluating *Strickland* ineffectiveness, the "failure to conduct any pre-trial investigation generally constitutes a clear evidence of ineffectiveness". *United States v. Gray*, 878 F.2d 702, 711 (3rd Cir. 1989); *see also*, *Sullivan v. Fairman*, 819 F.2d 1382, 1391-92 (7th Cir. 1987) (perfunctory attempts to contact witnesses not reasonable); *Code v. Montgomery*, 799 F.2d 1481, 1483 (11th Cir. 1986) (interviewing only one witness not effective).

In this case, Davila does not believe that Mr. Thornton interviewed any of the witnesses whose names Davila had provided to Mr. Thornton.[1] If this is indeed the

---

[1] Undersigned counsel has interviewed Mr. Thornton telephonically and is aware that Mr. Thornton may testify that he did indeed interview or attempt to interview the witnesses in question. The Court, however, will ultimately have to resolve the credibility issues that may exist between the witnesses.

7

case, then it would appear that the performance of trial defense counsel fell below that permitted by *Strickland*. Prejudice, the second prong of the *Strickland* analysis, may be presumed because Davila would not have pled guilty if this exculpatory evidence would have been available to present at trial.

### 2. Failure to Investigate Autopsy Reports.

A similar analysis should be applied to Davila's assertion that trial defense counsel did <u>not</u> adequately investigate the cause of the death of Josh Woods. The toxicology tests from Mr. Woods taken at his autopsy showed the presence of a number of drugs which could have caused his death. Davila believes that had Mr. Thornton had the test results reviewed by an independent expert, he would have discovered that heroin was not the sole cause of Woods' death.[2]

In *Helton v. Secretary for the Dept. of Corrections*, 233 F.3d 1322 (11th Cir. 2000), *vacated on other grounds*, 259 F.3d 1310 (11th Cir. 2001), a state prisoner challenged his conviction by way of *habeas corpus* contending that his defense attorney in the state homicide trial had been ineffective for failing to investigate the

---

[2] Undersigned counsel is aware that Mr. Thornton may testify that he did consult with an independent forensic toxicologist concerning heroin levels. Again, this is an issue where the Court may have to resolve issues of credibility.

cause of the victim's death. *Id.* at 1324. Although it ultimately denied Helton's claim for relief on procedural grounds, that court initially found that " . . . trial counsel's failure to investigate and present the stomach contents evidence at trial rose to the level of ineffective assistance of counsel." *Id.* at 1327. As the court went on to explain, the evidence in question could have been exculpatory, and "defense counsel's uninformed decision to ignore this issue at trial manifestly falls below any objective standard of reasonableness." *Id.* The Court went on to find that the second prong of *Strickland* had been met as well. *See also, Ritchey v. Mitchell*, 395 F.3d 660 (6th Cir. 2005) (trial defense counsel ineffective for failing to investigate forensic evidence surrounding arson which resulted in death).

Davila's case closely parallel's *Helton*. Had trial defense counsel investigated the forensic toxicology evidence, he may very well have developed exculpatory evidence which would have rendered Davila's guilty plea unnecessary.

### 3. Improper advice concerning the law of conspiracy and sentencing maximum.

Mr. Davila's final ineffective assistance of counsel argument concerns the legal advice he received from counsel. Mr. Davila contends that in an effort to induce

Davila to plead guilty, Mr. Thornton told him: (1) that because he had sold some drugs which may have been used in the Lewistown area, he would be found guilty of Woods' death even though he did not sell the drugs in question to Woods and, indeed, had never sold heroin; and, (2) the maximum sentence he faced under the Guidelines was "double life" and that under the Guidelines, the most he could receive would have been twenty (20) years. The defense recognizes that Davila's responses at his change of plea hearing and sentencing hearing may be inconsistent with what he now says was his understanding; however, Davila's mental retardation and illiteracy may have prevented a complete understanding of all that happened at his prior court appearances.

It is well established that the Sixth Amendment affords the criminal defendant the right to have accurate knowledge of the law involved in a criminal charge and that the failure to provide accurate advice constitutes ineffective assistance of counsel. *See, Hill v. Lockhart*, 474 U.S. 52, 56-57, 106 S.Ct. 366, 369 (1985) (voluntariness of guilty plea depends upon adequacy of defense counsel's advice); *see also, Von Moltke v. Gillees*, 332 U.S. 708, 721, 68 S.Ct. 316, 322 (1948) ("Prior to trial an accused is entitled to rely upon his counsel to make an independent examination of the facts, circumstances, pleadings and laws involved and then to offer his informed

opinion as to what plea should be entered.")  Likewise, counsel has a duty to be " . . . familiar with the structure and basic content of the [sentencing] Guidelines . . ." in order to give effective legal advice." *United States v. Day*, 969 F.2d 39, 43 (3rd Cir. 1992).

If Davila received the advice he alleges, then his representation was clearly ineffective.  The definition of conspiracy in a drug distribution context was the subject of extensive analysis in *United States v. Pressler*, 256 F.3d 144 (3rd Cir. 2001) and *United States v. Gibbs*, 190 F.3d 188 (3rd Cir. 1999).  As the Third Circuit explained in *Pressler*, the mere fact that different drug dealers sell narcotics in a given area does not make all of the drug dealers in that area co-conspirators.  256 F.3d at 151.  There must be an agreement and a shared intent in order for a conspiracy to exist.  *Id.* at 153.  To the extent Davila was told that the mere fact that he sold drugs made him a co-conspirator, he received inaccurate legal advice.

In addition, to the extent Davila was told that he would only receive a twenty (20) year sentence under the Guidelines and that if he went to trial, he faced "double life", he received inaccurate advice concerning the application of the Guidelines.  By pleading to a distribution charge that resulted in the death of another person, Davila faced a sentence of 360 months to life.  Had he gone to trial, he would have faced the

same sentencing guidelines. Although the acknowledgment of guilt and the remorse associated with the guilty plea may cause a court to impose a lower sentence under the Guidelines, Davila was not, under any circumstances, going to receive a sentence of twenty years (240 months) based upon his plea. Likewise, had he gone to trial, he would not have faced "double life".

For each of the reasons set forth above or for a combination of these reasons, Mr. Davila should receive a new trial.

### B. Inability to Hear the Proceedings:

Finally, Mr. Davila contends that due to a birth defect, he was unable to hear the proceeding. The Government apparently does not contest the assertion that a failure to hear a proceeding would violate due process. Rather, the Government indicates that Davila's former attorney and a DEA agent will testify that Davila "understood them perfectly." Brief of United States pp. 30-31. The issue, however, involves what Davila <u>heard</u> in open court. Davila will testify that he was provided with a radio receiver that garbled the proceeding and that at times he could only hear

static. Obviously, only Davila can testify as to what he heard and what he did not hear; it will be for the Court to determine the credibility of his testimony after an evidentiary hearing.

## IV. CONCLUSION:

For the reasons set forth above, it is respectfully requested that this Court grant Geovani Davila's 28 U.S.C. §2255 Petition and grant him a new trial.

        /s/ *Dennis E. Boyle*
**Dennis E. Boyle, Esquire**
Supreme Court I.D. No. 49618
1525 Cedar Cliff Drive
Camp Hill, PA 17101
Telephone: (717) 737-2430
Facsimile: (717) 737-2452
Email: deboyle@verizon.net

Counsel For: Geovani Davila

Dated: November 4, 2005

# CERTIFICATE OF SERVICE

I hereby certify that on the date listed below I electronically filed the foregoing Response to the United States' Brief in Opposition to Petitioner's Motion to Vacate with the Court using the CM/ECF system, which sent notification of such filing to the following person(s) at the following email address(es):

Gordon A.D. Zubrod, Esquire
gordon.zubrod@usdoj.gov


/s/ *Penny A. Rogers*
Penny A. Rogers, Paralegal

Dated:  November 4, 2005