IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**     :     **CRIMINAL NO. 1: CR-01-018**
                                                        :
           **v.**                                          :
**GEOVANNI DAVILA**     :

## **M E M O R A N D U M**

Before the court is Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 75.) The parties have briefed the issues and, on November 30, 2005, the court held a hearing to address certain elements of Petitioner's motion. For the reasons that follow, the court will deny Petitioner's motion.

## **I. Background**

The following procedural history is undisputed and the court has adopted the Government's statement of procedural history.[1] (Doc. 88.) On January 17, 2001, a Federal Grand Jury sitting in Harrisburg, Pennsylvania returned a one-count Indictment against Petitioner, charging him with conspiracy to distribute and to possess with intent to distribute heroin, with death resulting.

---

[1] The factual history of this case is well known to both parties, thus the court will not recite the facts in detail.

On or about January 29, 2001, Petitioner was arrested in Philadelphia at his residence at 5th & Dauphin Streets. On January 30, 2001, Petitioner appeared before the magistrate judge, entered a plea of not guilty and was ordered detained temporarily. On February 2, 2001, a detention hearing was held and Petitioner was ordered detained pending trial. On June 20, 2001, Petitioner appeared before the district court and entered a plea of guilty to the Indictment. On February 8, 2002, Petitioner was sentenced to 384 months imprisonment, 5 years supervised release, restitution in the amount of $11,209.66 and a special assessment of $100.00.

On February 11, 2002, Petitioner filed a Notice of Appeal to the Third Circuit Court of Appeals. Petitioner's appellate brief contended that the district court failed to establish a legally sufficient factual basis for the existence of a conspiracy and for his role in that conspiracy. On March 27, 2003, Petitioner's claim was summarily rejected by the Third Circuit in a written opinion, finding that the district court had explained the conspiracy charge to Petitioner and that the prosecutor had set forth facts which supported the charge of conspiracy to distribute heroin resulting in death.

On June 18, 2003, Petitioner filed a Petition for Writ of Certiorari to the United States Supreme Court. The petition was denied on October 20, 2003.

On September 15, 2004, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. On November 23, 2004, the district court dismissed the motion without prejudice to refile at the appropriate time.

On July 18, 2005, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. On

August 16, 2005, the district court directed the Government to respond to the motion. The Government responded on September 20, 2005, and Petitioner filed a reply on November 4, 2005. On November 30, 2005, the court held a hearing with respect to certain claims raised in Petitioner's § 2255 motion.

## II. **Legal Standard**

Habeas corpus relief under § 2255 is available to "prisoner[s] in custody under sentence of a court established by Act of Congress" when (1) the sentence was imposed in violation of the Constitution or the laws of the United States, (2) the court did not have jurisdiction to impose the sentence, (3) the sentence was greater than the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. If the reviewing court determines that any of these errors tainted the sentence imposed, the court must vacate and set aside the judgment. *Id.* Additionally, the court has discretion to discharge or resentence the prisoner as well as to grant a new trial or correct the sentence. *Id.*

The relief afforded by § 2255 is reserved for extraordinary situations. *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993)). The remedy is intended only when "the claimed error of law was 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Davis v. United States*, 417 U.S. 333, 346 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)); *see also United States v. Cleary*, 46 F.3d 307, 310-11 (3d Cir. 1995).

### III. Discussion

Petitioner raises the following arguments in his § 2255 motion: (1) Petitioner's plea was entered in violation of his Fifth and Sixth Amendment rights because (a) the decedent's name was not specifically mentioned in the Indictment, and (b) the Indictment failed to specify an amount of heroin distributed that resulted in the death of the decedent; (2) Petitioner's sentence of 384 months imprisonment violated the holding in *Blakely v. Washington*, 542 U.S. 296 (2004), in that the sentence exceeded the statutory maximum charged; (3) ineffective assistance of counsel; (4) the government provided no expert testimony to establish the decedent's cause of death; (5) Petitioner's Sixth Amendment rights were violated by the failure of the Government to provide him with counsel at his removal hearing in the Eastern District of Pennsylvania pursuant to the mandate of *Gideon v. Wainright*, 372 U.S. 335 (1963); (6) Special Assistant U.S. Attorney Steve Snook, who was also the District Attorney for Mifflin County, was without "jurisdiction" to prosecute Petitioner because his appointment as a Special Assistant U.S. Attorney had expired during the prosecution of the case; (7) Petitioner was sentenced under the United States Sentencing Guidelines which, he contends, are unconstitutional; (8) the sentence of restitution was illegal because no investigation was made into Petitioner's ability to pay the amount imposed; (9) Petitioner's due process rights were violated because he had a hearing impediment that prevented him from understanding the plea and sentencing hearings.

    **A.**    **Argument One and Argument Two**

Petitioner's first argument is that his plea was entered in violation of his Fifth and Sixth Amendment rights because (a) the decedent's name was not

specifically mentioned in the Indictment, and (b) the Indictment failed to specify an amount of heroin distributed that resulted in the death of the decedent. Petitioner's second argument is that his sentence of 384 months imprisonment violated the holding in *Blakely*, 542 U.S. at 296, in that the sentence exceeded the statutory maximum charged. With respect to these two arguments, the court adopts the reasons and the law cited in the Government's response. (Doc. 88 at 13-16.) Accordingly, the court will deny Petitioner's motion with respect to these issues.

### B.  Argument Three

Petitioner's third argument asserts that defense counsel was ineffective. Specifically Petitioner alleges that the following qualify as ineffective assistance of counsel: (1) failure to move to dismiss the Indictment based on the arguments set forth in Petitioner's arguments One and Two (*see* Subsection A); (2) failure to investigate the case and interview witnesses that would have provided alibi testimony contradicting the government's evidence; (3) failure to require the government to prove that he had actually made the sale of drugs that killed the decedent; (4) failure to "test" the government's autopsy report by looking into the qualifications and certification of the lab, its testing processes, and personnel; (5) failure to utilize motions/briefs drafted by the National Legal Professional Associates (hereinafter "NLPA"); (6) failure to recommend that Petitioner be placed in a drug rehabilitation program; and (7) failure to advise Petitioner of the relevant law concerning conspiracy and failure to advise Petitioner with respect to his potential sentence.

Under the Sixth Amendment, criminal defendants are guaranteed the right to effective assistance of counsel in all proceedings. *Yarborough v. Gentry*,

540 U.S. 1, 4 (2003). Legal claims governing the ineffective assistance of counsel are governed by the Supreme Court's decision in *Strickland v. Washington,* 466 U.S. 668 (1984). " 'An ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense.' " *Wiggins v. Smith,* 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 687). To establish deficient performance, a petitioner must demonstrate that counsel's representation "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. To establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. As with all applications of the *Strickland* test, "the question whether a given Defendant has made the requisite showing will turn on the facts of a particular case." *Roe v. Flores-Ortega,* 528 U.S. 470, 485 (2000). Finally, under the *Strickland* test there is a "strong presumption" that counsel's representation falls "within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 668-89.

### i.     **Failure to Move to Dismiss the Indictment**

Petitioner argues that defense counsel's failure to move to dismiss the Indictment based on the arguments set forth in Petitioner's arguments One and Two constituted ineffective assistance of counsel. The reasoning adopted with respect to Petitioner's arguments One and Two apply here. (*See* Subsection A.) Accordingly, Petitioner's motion is denied with respect to these issues.

### ii.     Failure to Investigate and Interview Witnesses

On November 30, 2005, the court held a hearing with respect to certain issues presented in Petitioner's motion.  One of the issues addressed at the November 30, 2005 hearing was defense counsel's alleged failure to investigate and interview witnesses.

Petitioner alleges that defense counsel failed to interview witnesses who could have provided Petitioner with an alibi defense.  The witnesses who could have allegedly provided an alibi defense for Petitioner are: (1) Petitioner's mother; (2) Petitioner's two sisters; (3) Petitioner's brother; (4) an individual identified by the name Chocolate; and (5) other unnamed individuals.

An interview by Hang Lai[2] of Petitioner's sisters could not substantiate Petitioner's contention that he lived at his mother's house during the time that the events transpired in this case.  Petitioner's mother was not interviewed because she did not speak English.  Moreover, defense counsel testified at the November 30, 2005 hearing that Petitioner repeatedly told him that he did not want his mother involved in the case.  Additionally, the court notes that because Petitioner's sisters' statements to Ms. Lai directly contradicted Petitioner's assertions, defense counsel had no responsibility to conduct an interview with Petitioner's mother with respect to those same issues.

With respect to Petitioner's brother, Petitioner did not give an address or a phone number by which to contact him.  Defense counsel called Petitioner's

---

[2]Ms. Lia is a paralegal with the Federal Public Defender for the Middle District of Pennsylvania.

mother's house, but was always informed that the brother was in treatment and not there.

With respect to the witness known as Chocolate, defense counsel could not locate him. Petitioner did not know Chocolate's given name. The only information Petitioner gave with respect to this witness was that he frequented an unknown bar in an unknown location in Philadelphia.

As to the unnamed individuals, Petitioner provided no specific information as to how these individuals might be contacted. Petitioner stated that the individuals had nicknames; however, Petitioner could not remember these nicknames or any other means by which to identify them. Thus, defense counsel was unable to locate any of these individuals.

Petitioner's argument that defense counsel's alleged failure to interview witnesses constitutes ineffective assistance of counsel fails to show that defense counsel's representation fell below an "objective standard of reasonableness." *Strickland*, 466 U.S. 688. Accordingly, Petitioner's motion will be denied with respect to this issue.

### iii.     **Failure to Require the Government to Prove that Petitioner Made the Drug Sale**

Petitioner argues that defense counsel failed to require the government to prove that he had actually made the drug sale that killed the decedent. According to Petitioner, this constitutes ineffective assistance of counsel. The court notes that all of the evidence made available to Petitioner, through his counsel, would refute his contention that he did not sell the drugs that killed the decedent. The Government, in its proffer, asserted that 11 witnesses would testify as to how they arranged to buy drugs from Petitioner at his Philadelphia address. Additionally, there was evidence

that Petitioner used a phone belonging to his girlfriend to arrange drug sales to individuals in the Lewistown area. Finally and most importantly, Petitioner made the following statement:

> I sold heroin to several people from Lewistown, Pennsylvania. I know that selling heroin is wrong and I apologize to the Court for my actions. I did not intend to hurt or kill anyone. I did not go looking for people to buy heroin in Lewistown. The people in Lewistown came to me asking for heroin. I would contact the supplier and then I would get the heroin for them. I was not the supplier of the heroin. I was only the middleman. I am very sorry that one person died as a result of the heroin I sold. I never intended for anyone to die.

(Presentence Report ¶ 16.)

The Government's proffer and Petitioner's own statement to the court refute Petitioner's assertion that he did not sell the drugs to the decedent. The court finds Petitioner's argument is without merit. Petitioner's motion will be denied with respect to this issue.

### iv.   **Failure to Challenge the Autopsy Report**

Petitioner alleges that defense counsel failed to challenge the autopsy report of the decedent. However, the record reflects that defense counsel hired an independent toxicologist, whose expert opinion supported the autopsy report that heroin was the cause of the decedent's death. The fact that Petitioner does not believe this is appropriate evidence is contrary to the Federal Rules of Evidence. Petitioner's motion with respect to this issue will be denied.

### v.   **Failure to Utilize Motions/Briefs Drafted by the NLPA**

Petitioner alleges that defense counsel failed to utilize two motions/briefs drafted by the NLPA. The first motion/brief was related to a 5K1.1 departure for Petitioner. With respect to this issue, the record reflects that defense

counsel arranged a meeting between Petitioner and DEA agents so that Petitioner could identify his supplier of heroin. The meeting was held; however, Petitioner failed to provide any information to the DEA agents. Consequently, the Government did not file a 5K1.1 motion. Thus, the failure to obtain a 5K1.1 departure was not due to defense counsel and/or defense counsel's failure to utilize the said motion/brief; rather, the failure to obtain a 5K1.1 departure was the result of Petitioner's failure to cooperate.

The second motion/brief related to a downward departure for acceptance of responsibility. The court notes that Petitioner did receive a two point downward departure for acceptance of responsibility; however, Petitioner did not receive the additional third point reduction that is given for timeliness of acceptance of responsibility. At the point Petitioner accepted responsibility, a jury had already been selected and the Government was prepared for trial. Accordingly, the court did not deem Petitioner's acceptance to be timely pursuant to USSG § 3E1.1(b).

The court finds that Petitioner's arguments related to the motions/briefs drafted by the NLPA are without merit. The court will deny Petitioner's motion with respect to this issue.

### vi. Failure to Recommend that Petitioner be Placed in a Drug Rehabilitation Program

At the November 30, 2005 hearing, Petitioner asserted that defense counsel had failed to recommend that he be placed in a drug rehabilitation program while incarcerated. However, Petitioner testified at trial that he had participated in a drug rehabilitation program while in prison; however, he has chosen to discontinue participation. With respect to this issue, Petitioner's argument is wholly devoid of merit.

### vii.   Failure to Advise Petitioner With Respect to the Relevant Law and Potential Sentence

Petitioner alleges that defense counsel failed to advise him of the relevant law concerning conspiracy. However, defense counsel asserts that he explained the relevant law to Petitioner on numerous occasions. The court accepts defense counsel's assertion. Additionally, the court points to the extensive proffer made by the Government during Petitioner's change of plea hearing that clearly explained conspiracy and Petitioner's role in the conspiracy. The court notes that it advised Petitioner of the relevant law at his change of plea hearing. During Petitioner's change of plea hearing the court asked Petitioner:

> First of all, do you understand that a conspiracy is an agreement between two or more persons to do an unlawful act, and you don't need a signed or written contract or anything in writing? It merely means that you mutually agreed by your actions, whether verbal or nonverbal to do certain acts, to due an unlawful act. In this case, the unlawful act of the distribution of heroin. Do you understand conspiracy?

Petitioner responded "yes." (Tr. Change of Plea Hr'g at 10.) Furthermore, this issue has already been addressed by the Third Circuit on direct appeal from Petitioner. The Third Circuit found no error with respect to the court's explanation of conspiracy. *United States v. Davila*, No. 02-1446, slip op. (3d Cir. March 27, 2003).

With respect to his potential sentence, Petitioner alleges that defense counsel erroneously told Petitioner that he would receive a double life sentence if he proceeded to trial and was found guilty. At the November 30, 2005 hearing, defense counsel denied Petitioner's assertions. Defense counsel testified that Petitioner

repeatedly brought up the possibility of a double life sentence; however, defense counsel informed Petitioner that there was no possibility of a double life sentence.[3]

Petitioner also asserted that defense counsel informed him that if he plead guilty he would only receive a 20 year sentence. Defense counsel at the November 30, 2005 hearing denied Petitioner's assertion. The court notes that Petitioner was informed prior to changing his plea that the mandatory minimum he faced was thirty years.[4] (*Id.* at 7-8.)

The court finds that Petitioner's arguments related to the explanation and his understanding of the relevant law and his potential sentence are without merit. Petitioner's motion will be denied with respect to these issues.

### C. **Argument Four**

With respect to Petitioner's argument that the government provided no expert testimony to establish the decedent's cause of death, the court finds Petitioner's argument is without merit. An autopsy was performed and the autopsy report was made available to all parties. As previously stated, defense counsel hired an independent toxicologist whose report confirmed that heroin was the cause of decedent's death. Petitioner's argument is wholly without merit. The court will deny Petitioner's motion with respect to these issues.

---

[3] Additionally, the court points to a letter that Petitioner sent to this court in which it appears that he accuses this judge of threatening to impose a double life sentence. (Govt.'s Ex. 3.) The court made no such threat.

[4] The court notes that plea agreement initially indicated that the mandatory minimum was twenty years; however, that mistake was corrected and Petitioner initialed the correction.

### D.     Argument Five

Petitioner alleges that his Sixth Amendment rights were violated by the failure of the Government to provide him with counsel at his removal hearing in the Eastern District of Pennsylvania.  The record establishes that Petitioner was provided counsel by the Defenders Association of Philadelphia. (Govt's Br. in Opp. Attach. B at 5.)  Accordingly, the court will deny Petitioner's motion with respect to this issue.

### E.     Argument Six

Petitioner argues that Special Assistant U.S. Attorney Steve Snook, who was also the District Attorney for Mifflin County, was without "jurisdiction" to prosecute Petitioner because his appointment as a Special Assistant U.S. Attorney had expired during the prosecution of the case.  However, the record shows that Mr. Snook was duly appointed from June 4, 1999 through November 13, 2005, with a break in said appointment from June 4, 2000 through December 6, 2000. (Govt's Br. in Opp. Attach. C.)  Petitioner was indicted on January 17, 2001 and was sentenced on February 2, 2002.  Thus, Mr. Snook was duly appointed at all times relevant to the instant motion.  The court notes that Mr. Snook was "second chair" in the case against Petitioner.  Thus, even if Mr. Snook's appointment had expired,  Petitioner's argument would fail.  The court will deny Petitioner's motion with respect to this issue.

### F.     Argument Seven

Petitioner's next argument is that his sentence is unconstitutional because he was sentenced under the United States Sentencing Guidelines, which Petitioner contends are unconstitutional. *See United States v. Booker*, 543 U.S. 220 (2005).  Without getting into a discussion on *Booker*, the court notes that the Third

Circuit has held that *Booker* is not retroactively applicable on collateral review. *In re Olopade*, 403 F.3d 159 (3d Cir. 2005). Because *Booker* is not retroactively applicable Petitioner's argument fails. The court will deny Petitioner's motion with respect to this issue.

### G. Argument Eight

Petitioner asserts that the sentence of restitution was illegal because no investigation was made into Petitioner's ability to pay the amount of restitution imposed. Considering the duration of Petitioner's sentence and his ability to work while in prison, the court finds that Petitioner will be able to meet said restitution. The court ordered restitution of $11,209.66 and Petitioner has been sentenced to 384 months. The court ordered restitution divided by Petitioner's sentence works out to approximately $29.19 per month. Accordingly, Petitioner has the ability to pay the restitution imposed. Additionally, Petitioner will have five years of supervised release to pay any remaining restitution. Petitioner's argument will be denied with respect to this issue.

### H. Argument Nine

Petitioner's final argument is that his due process rights were violated because Petitioner has a hearing impediment that prevented him from hearing during the change of plea hearing and during the sentencing. The November 30, 2005 hearing addressed this issue. While the court recognizes that Petitioner alleges to have a hearing impediment, the court finds that Petitioner has presented no evidence that his alleged hearing impediment affected his ability to understand during his change of plea hearing and his sentencing hearing.

To begin, the court notes that both Petitioner's trial level counsel and the paralegal testified at the November 30, 2005 hearing that they never had any difficulty conversing with Petitioner. Additionally, DEA Special Agent Mark Andrasi testified at the November 30, 2005 hearing that during his interviews with Petitioner he has never had any difficulty communicating with Petitioner.

The court has examined the change of plea hearing transcript and found that Petitioner's answers were coherent and appropriate to the questions being asked. Petitioner's answers were not merely yes and no answers, but at times detailed, thus indicating that Petitioner understood the questions being asked. Moreover, during both his change of plea hearing and his sentencing, Petitioner stated that he could understand. The court finds Petitioner's argument disingenuous and will deny Petitioner's motion with respect to this issue.

**IV.     Conclusion**

In accordance with foregoing reasons, Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be denied. An appropriate order will issue.

s/Sylvia H. Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated: December 5, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : **CRIMINAL NO. 1: CR-01-018**
:
:
**v.** :
:
:
**GEOVANNI DAVILA** :

## **O R D E R**

In accordance with the foregoing memorandum of law, **IT IS HEREBY ORDERED THAT:**

    1) Petitioner's motion filed pursuant to 28 U.S.C. § 2255 is **DENIED**.

    2) The court declines to issue a certificate of appealability.

    3) The Clerk of Court shall close the file.

                                      s/Sylvia H. Rambo
                                       SYLVIA H. RAMBO
                                       United States District Judge

Dated: December 5, 2005.