RECEIVED

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE OR CORRECT 2006
SENTENCE BY A PERSON IN FEDERAL CUSTODY

AO 243 [Rev. 5/85]

U.S.C.A. 3rd. CIR

# United States District Court

| | District Middle district of Penna. |
|---|---|
| Name of Movant GEOVANI DAVILA | Prisoner No. 54826-066 | Case No. CR-01-018 |

Place of Confinement FCI Gilmer ., WEST VIRGINIA.

---

UNITED STATES OF AMERICA     V.     GEOVANI DAVILA
(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack ___United States District Court, Middle district of Pennsylvania.___

2. Date of judgment of conviction ___February 8, 2002.___

3. Length of sentence ___384 months___

4. Nature of offense involved (all counts) ___Conspiracy to distribute heroin, resulting in an overdose death. §846, §841(b)(1)(C).___

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   ___N/A___

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☐ No ☐

AO 243 (Rev. 5/85)

9.  If you did appeal, answer the following:

    (a) Name of court___United States Court of Appeals, Third Circuit.

    (b) Result _____affirmed

    (c) Date of result:_____March 27, 2003; Supreme court cert. den. Oct. 6, 2003.

10.  Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☐ No ☑

11.  If your answer to 10 was "yes," give the following information:

    (a)(1) Name of court _____N/A

    (2) Nature of proceeding _____

    (3) Grounds raised_____N/A_____

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

    (5) Result_____N/A

    (6) Date of result _____

    (b) As to any second petition, application or motion give the same information:

    (1) Name of court ___ _____N/A

    (2) Nature of proceeding _____

    (3) Grounds raised_____N/A_____

AO 243 (Rev 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result_____ N/A _____

(6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.        Yes ☐ No ☐
(2) Second petition, etc.     Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____ N/A _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a)  Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b)  Conviction obtained by use of coerced confession.

AO 243 (Rev. 5/85)

(c) Conviction obtained by use of evidence gained pursuant to as unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one:   Plea entered inviolation of petitioner's 5th & 6th
Amendment Right of the United States Constitution.

Supporting FACTS (state *briefly* without citing cases or law)  The plea agreement
petitioner signed reflected a 30yrs sentence without specific
amount of heroin charged, proven and submitted to reflect
if such amount caused death in this case.

B. Ground two:   Sentence imposed inv.iolation of petitioner's Sixth
Amendment Right to the Constitution of the United States

Supporting FACTS (state *briefly* without citing cases or law):  The sentence of 384 months
imposed was done solely and unilaterally by the judge in
violation of Blakely v. Washington, for the enhancement on
conduct not charged in the indictment or plead to by petitioner

C. Ground three:   Ineffective Assistance of counsel for counseling
petitioner into plea of guilty.

Supporting FACTS (state *briefly* without citing cases or law):  Criminal counsel's
failure to investigate this case and interview witnesses that
would have provided a contrary picture of the events of

AO 243 (Rev. 5/85)

November 24, 2000  as proof that petitioner did not make that sale or was involved in it before counseling into plea.

D. Ground four: District Attorney did not qualify as forensic autopsy expert, making his testimony invalid.

Supporting FACTS (state *briefly* without citing cases or law): At the plea hearing proceeding, there was no qualified forensic expert testimony to enable his background and method of testing be challenged. District Attorney was not a qualified forensic autopsy expert to prove cause of death for testimony to be admissible. (contd. on back page).

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

N/A

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing No counsel represented the transfer hearing.

(b) At arraignment and plea Thomas A. Thornton‖ 100 Chestnut Street‖ Suite 306, Harrisburg, PA 17101.

(c) At trial N/A

(d) At sentencing same as above

GROUNDS CONTD.

Ground Five: Gideon violation at the removal hearing held
in Philadelphia in January 2001.

Facts: On or about January 24, 2001 in Philadelphia,
petitioner unknowingly waived an extradiction hearing
to remove his case without counsel representation that
was known to him in violation of his Sixth Amendment
Right to counsel, at a critical stage of this case.

Ground Six: Mifflin County district attorney was without
jurisdiction to prosecute.

Facts: Petitioner's investigation has revealed
that the Mifflin County DA steve Snook, acting as a
Special Assistant United States Attorney (SAUSA), was
without jurisdiction to try this case or be involved
because his appointment as a SAUSA has expired during
the prosecution of this case.

Ground Seven: The federal guidelines used in this
case is unconstitutional.

Facts: Blakely v. Washington, decision has invalidated
the sentencing guidelines that was used in sentencing
petitioner in this case.

Ground Eight: Restitution imposed failed to conform
with the law.

Facts: The court imposed an $11 109.66 and $100
restitution to the victim family without conducting

GROUNDS CONTD.

a proper financial background as to whether or not petitioner
is capable of or has the means to pay such an amount.

Ground Nine: Petitioner's due process was violated
because he did not hear properly and understand the
plea and sentencing proceedings.

Facts: Petitioner has a hearing disability which
impaired his hearing and understanding ability in the
plea and sentencing process. Petitioner's answers to
questions put by the court were mostly from counsel's
gestures to answer yes.

AO 243 (Rev. 5/85)

(e) On appeal ___ Daniel I. Siegel, Assistant Federal Pub. Def.

100 Chestnut Street|| Suite 306, Harrisburg, PA ||7101.

(f) In any post-conviction proceeding ___ N/A

(g) On appeal from any adverse ruling in a post-conviction proceeding ___

N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No☒x

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☐

(a) If so, give name and location of court which imposed sentence to be served in the future: ___

N/A

(b) Give date and length of the above sentence: ___ N/A

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

~ Vacate|| set aside or correct sentence & an evidentiary hearing.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

July 14, 2005
(Date)

_____
Signature of Movant

# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT



Case Number: _CR-01-018 / Case No 02-1446_

Case Name: _United States of America_
_Geovani, Davila_

### INFORMAL BRIEF

**DIRECTIONS:** *Answer the following questions about your appeal to the best of your ability. Use additional sheets of paper if necessary. You need not limit your brief solely to this form, but you should be certain that any brief you file contains answers to the questions below. The Court prefers short and direct statements.*

1.  **Jurisdiction:** What order(s) of the district court are you appealing?
    _Petitioners motion filed pursuant to 28 U.S.C. § 2255 Denied_

    What is the date of the order(s)? _December 5th, 2005_

    When did you file your notice of appeal?
    _Now._

2.  **Statement of the case:** Explain the proceedings in the district court (i.e. what the district court did in deciding your case). _The issues were briefed and law Nov 30, 2005_
    _the court held a hearing to address certain elements of Petitioner's motion. Petitioner raised nine (9) possible arguments that violated his due process and 5th/6th amendment rights. I am hereby attaching petitioners arguments and the reply argument of the Government._

REV. 02/95                              2

3.  **Statement of facts:** Explain the facts and events that caused you to file your complaint in the district court.

On Feb 11, 2002 Petitioner filed Notice of Appeal to the 3RD Circuit Court of Appeals. Petitioner's appellate brief contended the district court failed to establish legally sufficient factual basis for existence of a conspiracy and his role in said conspiracy. On March 27, 2003, petitioner claim was summarly rejected by the 3rd circuit in a written opinion, finding the district court had explained the 'conspiracy' charge to Petitioner, and that the prosecutor had set forth facts which supported the charge of conspiracy to distribute heroin resulting in death. On June 18, 2003, petition for writ of Certiorari to U.S. Supreme Ct was denied (Oct 20, 2003 denied). On Sept 15, 2004 Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Fed Custody, pursuant to 28 U.S.C. § 2255. On Nov. 23, 2004, the district court dismissed the motion pursuant to 28 U.S.C § 2255 without prejudice to Refile at a later date. On July 5, 2005, Petitioner filed a Motion to Vacate, Set Aside, OR Correct Sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. On Aug 4, 2005 dist ct directed Government to respond, they did so on Sept 20, 2005, and Petitioner filed a reply on Nov 4, 2005, a hearing was held Nov 30 2005 on petitioners claims. On Dec 5, 2005 Sylvia H. Rambo, U.S. Dist Judge DENIED petitioners claims and declined to issue a certificate of Appealability. The petitioner hereby Appeals that DENIAL.

3

4. Statement of related cases: Have you filed an appeal in this case before? If so, give title of case and docket number. U.S. of America v GEOVANI DAVILA

CASE NO. 02-1446    CRIMINAL No. 1:01-CR-018

Do you have any cases related to this case pending in the district court or the court of appeals? If so give title of case and docket number. N/A

5. Did the district court incorrectly decide the facts of your case? Yes  If so, what facts? ① Petitioner contends the U.S. ATTORNEY failed to properly & fully reply to each and every argument, (See attached memorandum. Further the Dist/Court Judge erred in denying there was reasonable doubt in the Autopsy report ; in that other drugs injested by the decedant; there is no Absolute concrete evidence to conclude 'heroin' or 'morphine CAUSE his overdose and death.

② Petitioner, contends his Apprendi Rights were violated by his Rule 11(e) pleas Agreement, he did not have the option to be sentenced by a jury of his peers, in clear violation of petitioners due process right, further states "other then the fact of a prior-conviction any fact that increases the penalty for a crime beyond the prescribed "statutory maximum" must be submitted to a jury and proved beyond a reasonable doubt.

③ Petitioners plea agreement at pg 4 parag 11, AT TIME of Sentencing the U.S. will Recommend the Court impose the minimum prison-term within the applicable Guideline range. was not performed.

4

**6.** Did the district court apply the wrong law (either cases or statutes)? _____
If so, what law do you want applied?

The petitioners sentence must be vacated because his statutory sentencing range was based on Cross-Referencing from the Counts of Conviction to a maximum of life imprisonment under a Murder statute when the actual detailed Acts and intents Associated with the murder statute were not Alleged as Elements in the indictment, submitted to a jury, and proven beyond a reasonable doubt in violation of Apprendi v New Jersey, 530 U.S. 466, 120 S. Ct 2348, 147 L. ED. 2d 435 (2000). Cross-Referencing can't be allowed to increase petitioners Sentence for the charged conduct which Allows petitioner to be lawfully sentenced to no more than twenty years in prison which is the statutory max penalty under § 841 & § 846 when no specific drug amount due person. See § 841 (b)(1)(C). If cross-referencing were permitted to raise the max sentence, then consistent with Apprendi the underlying murder would be considered an element that must be charged and proven. For support petitioner cites: See U.S. v. Uba Kanna, 215 F.3d 421, 425 (4th Cir. 2000) (relying on Jones and holding that factor of whether bank "Affected a Financial Institution" was an element of the offense for a jury to decide "a statutory aggravating circumstance constitute an offense element for purposes of conviction & sentence. (U.S. v. Davis, 202 F.3d 212, 217 (4th Cir.) cert denied, 147 L. ED 2d 186 (2001) (Aggravating factors in property destruction offense created distinct offenses.) In this case the court may have a statutory maximum of twenty years & a cross reference to murder and a life sentence in the name of "real offense" sentencing. See, U.S. v. Engleman, 916 F.2d 182 (4th Cir. 1990) If that is the case here, the sentence is even further removed from the crime charged than the quantity, determinations. For the reasons stated a "Sentencing" in a drug conspiracy beyond the "maximum" for a unproven murder, not found beyond a reasonable doubt by a jury, in the name of "real offense" sentencing [5] is unconstitutional & because petitioners Sentence exceeded twenty years his sentence must be reversed.

7. Are there any other reasons why the district court's judgment was wrong? _____
If so, briefly state these reasons. In order to use murder allegation to enhance a drug conspiracy Sentence from a maximum statutory penalty of twenty years upward to Life-imprisonment

it should be proven by a reasonable doubt standard. See U.S. v Rebmann 226 F3d 521(6th Cir 2000) (unconstitutional for Trial-court to increase statutory punishment based on court's findings, made by a preponderance of evidence, that DEATH resulted during course of offense) The murder Allegation or penalty the Conspiracy Count did NOT OCCUR IN this CASE. District court plainly erred by using the provisions of the sentencing guidelines to create a maximum penalty that exceeded the MAXIMUM for the convicted conduct by failing to treat the ALLEGED MURDER as a element of the offense rather than a sentencing factor.

8. What action do you want the Court of Appeals to take in this case?
On December 5, 2005 United States District Judge, Middle Dist of PA ORDERED that Petitioners Motion pursuant to 28 U.S.C. §2255 was denied. 2) The Court declined to issue a certificate of Appealability. We request I be allowed to Appeal her decision and a certificate of appeal ability be granted.

Geovani Ovila
Signature

You may attach any documents filed in the district court that you think the court of appeals must see in order to decide your appeal. Please keep in mind that the entire district court record is transmitted to the court of appeals and is available for the court's review. You must attach copies of the district court docket entries, the opinion and order appealed, and the notice of appeal. Documents not admitted in the district court may not be submitted to the court of appeals without permission of the court.

IMPORTANT: IF YOU ARE PROCEEDING PROCEEDING IN FORMA PAUPERIS, YOU MUST FILE AN ORIGINAL AND THREE (3) COPIES OF THIS BRIEF AND ANY ATTACHMENTS WITH THE CLERK. IF YOU HAVE PAID THE DOCKETING FEE, YOU MUST FILE AN ORIGINAL AND TEN (10) COPIES OF THIS BRIEF AND ANY ATTACHMENTS WITH THE CLERK. A COPY OF THIS BRIEF AND ANY ATTACHMENTS MUST ALSO BE SENT TO ALL OPPOSING PARTIES. YOU MUST CERTIFY ON THE ATTACHED PROOF OF

SERVICE THAT A COPY OF THIS BRIEF AND ANY ATTACHMENTS WERE SENT TO ALL
OPPOSING PARTIES.

# PROOF OF SERVICE

I certify that on _2 - 5 - 06_ (date) I mailed a copy of this brief and all attachments via first class mail to the following parties at the addresses listed below:

Gordon A. D. Zubrod, Esq
U.S. Attorneys Office
Federal Bg. Room 217
228 Walnut St.
Harrisburg, PA# 17108

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on _2 - 5 - 06_ (date) for forwarding to the Court of Appeals. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

_Geovani Davila_
Signature

Dated: _2 - 5 - 06_

O:\FORMS\Briefs-Appendix\Informal Brief Questionnaire.wpd

DEC 0 5 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    :    CRIMINAL NO. 1: CR-01-018

v.    :

GEOVANNI DAVILA    :

RECEIVED
FEB 1 3 2006
U.S.C.A. 3rd. CIR

# MEMORANDUM

Before the court is Petitioner's motion to vacate, set aside, or correct
his sentence pursuant to 28 U.S.C. § 2255. (Doc. 75.) The parties have briefed the
issues and, on November 30, 2005, the court held a hearing to address certain
elements of Petitioner's motion. For the reasons that follow, the court will deny
Petitioner's motion.

## I. Background

The following procedural history is undisputed and the court has
adopted the Government's statement of procedural history.[1] (Doc. 88.) On January
17, 2001, a Federal Grand Jury sitting in Harrisburg, Pennsylvania returned a one-
count Indictment against Petitioner, charging him with conspiracy to distribute and
to possess with intent to distribute heroin, with death resulting.

---

[1] The factual history of this case is well known to both parties, thus the court will not recite
the facts in detail.

On or about January 29, 2001, Petitioner was arrested in Philadelphia at his residence at 5th & Dauphin Streets. On January 30, 2001, Petitioner appeared before the magistrate judge, entered a plea of not guilty and was ordered detained temporarily. On February 2, 2001, a detention hearing was held and Petitioner was ordered detained pending trial. On June 20, 2001, Petitioner appeared before the district court and entered a plea of guilty to the Indictment. On February 8, 2002, Petitioner was sentenced to 384 months imprisonment, 5 years supervised release, restitution in the amount of $11,209.66 and a special assessment of $100.00.

On February 11, 2002, Petitioner filed a Notice of Appeal to the Third Circuit Court of Appeals. Petitioner's appellate brief contended that the district court failed to establish a legally sufficient factual basis for the existence of a conspiracy and for his role in that conspiracy. On March 27, 2003, Petitioner's claim was summarily rejected by the Third Circuit in a written opinion, finding that the district court had explained the conspiracy charge to Petitioner and that the prosecutor had set forth facts which supported the charge of conspiracy to distribute heroin resulting in death.

On June 18, 2003, Petitioner filed a Petition for Writ of Certiorari to the United States Supreme Court. The petition was denied on October 20, 2003.

On September 15, 2004, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. On November 23, 2004, the district court dismissed the motion without prejudice to refile at the appropriate time.

On July 18, 2005, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. On

2

August 16, 2005, the district court directed the Government to respond to the motion. The Government responded on September 20, 2005, and Petitioner filed a reply on November 4, 2005. On November 30, 2005, the court held a hearing with respect to certain claims raised in Petitioner's § 2255 motion.

## II. Legal Standard

Habeas corpus relief under § 2255 is available to "prisoner[s] in custody under sentence of a court established by Act of Congress" when (1) the sentence was imposed in violation of the Constitution or the laws of the United States, (2) the court did not have jurisdiction to impose the sentence, (3) the sentence was greater than the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. If the reviewing court determines that any of these errors tainted the sentence imposed, the court must vacate and set aside the judgment. *Id.* Additionally, the court has discretion to discharge or resentence the prisoner as well as to grant a new trial or correct the sentence. *Id.*

The relief afforded by § 2255 is reserved for extraordinary situations. *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993)). The remedy is intended only when "the claimed error of law was 'a fundamental defect which inherently results in a complete miscarriage of justice.' " *Davis v. United States*, 417 U.S. 333, 346 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)); *see also United States v. Cleary*, 46 F.3d 307, 310-11 (3d Cir. 1995).

3

### III. Discussion

Petitioner raises the following arguments in his § 2255 motion: (1) Petitioner's plea was entered in violation of his Fifth and Sixth Amendment rights because (a) the decedent's name was not specifically mentioned in the Indictment, and (b) the Indictment failed to specify an amount of heroin distributed that resulted in the death of the decedent; (2) Petitioner's sentence of 384 months imprisonment violated the holding in *Blakely v. Washington*, 542 U.S. 296 (2004), in that the sentence exceeded the statutory maximum charged; (3) ineffective assistance of counsel; (4) the government provided no expert testimony to establish the decedent's cause of death; (5) Petitioner's Sixth Amendment rights were violated by the failure of the Government to provide him with counsel at his removal hearing in the Eastern District of Pennsylvania pursuant to the mandate of *Gideon v. Wainright*, 372 U.S. 335 (1963); (6) Special Assistant U.S. Attorney Steve Snook, who was also the District Attorney for Mifflin County, was without "jurisdiction" to prosecute Petitioner because his appointment as a Special Assistant U.S. Attorney had expired during the prosecution of the case; (7) Petitioner was sentenced under the United States Sentencing Guidelines which, he contends, are unconstitutional; (8) the sentence of restitution was illegal because no investigation was made into Petitioner's ability to pay the amount imposed; (9) Petitioner's due process rights were violated because he had a hearing impediment that prevented him from understanding the plea and sentencing hearings.

#### A.    Argument One and Argument Two

Petitioner's first argument is that his plea was entered in violation of his Fifth and Sixth Amendment rights because (a) the decedent's name was not

4

specifically mentioned in the Indictment, and (b) the Indictment failed to specify an amount of heroin distributed that resulted in the death of the decedent. Petitioner's second argument is that his sentence of 384 months imprisonment violated the holding in *Blakely*, 542 U.S. at 296, in that the sentence exceeded the statutory maximum charged. With respect to these two arguments, the court adopts the reasons and the law cited in the Government's response. (Doc. 88 at 13-16.) Accordingly, the court will deny Petitioner's motion with respect to these issues.

**B.    Argument Three**

Petitioner's third argument asserts that defense counsel was ineffective. Specifically Petitioner alleges that the following qualify as ineffective assistance of counsel: (1) failure to move to dismiss the Indictment based on the arguments set forth in Petitioner's arguments One and Two (*see* Subsection A); (2) failure to investigate the case and interview witnesses that would have provided alibi testimony contradicting the government's evidence; (3) failure to require the government to prove that he had actually made the sale of drugs that killed the decedent; (4) failure to "test" the government's autopsy report by looking into the qualifications and certification of the lab, its testing processes, and personnel; (5) failure to utilize motions/briefs drafted by the National Legal Professional Associates (hereinafter "NLPA"); (6) failure to recommend that Petitioner be placed in a drug rehabilitation program; and (7) failure to advise Petitioner of the relevant law concerning conspiracy and failure to advise Petitioner with respect to his potential sentence.

Under the Sixth Amendment, criminal defendants are guaranteed the right to effective assistance of counsel in all proceedings. *Yarborough v. Gentry*,

5

540 U.S. 1, 4 (2003). Legal claims governing the ineffective assistance of counsel are governed by the Supreme Court's decision in *Strickland v. Washington,* 466 U.S. 668 (1984). " 'An ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense.' " *Wiggins v. Smith,* 539 U.S. 510, 521 (2003) (quoting *Strickland,* 466 U.S. at 687). To establish deficient performance, a petitioner must demonstrate that counsel's representation "fell below an objective standard of reasonableness." *Strickland,* 466 U.S. at 688. To establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. As with all applications of the *Strickland* test, "the question whether a given Defendant has made the requisite showing will turn on the facts of a particular case." *Roe v. Flores-Ortega,* 528 U.S. 470, 485 (2000). Finally, under the *Strickland* test there is a "strong presumption" that counsel's representation falls "within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 668-89.

### i. Failure to Move to Dismiss the Indictment

Petitioner argues that defense counsel's failure to move to dismiss the Indictment based on the arguments set forth in Petitioner's arguments One and Two constituted ineffective assistance of counsel. The reasoning adopted with respect to Petitioner's arguments One and Two apply here. (*See* Subsection A.) Accordingly, Petitioner's motion is denied with respect to these issues.

6

ii.    <u>**Failure to Investigate and Interview Witnesses**</u>

On November 30, 2005, the court held a hearing with respect to certain issues presented in Petitioner's motion. One of the issues addressed at the November 30, 2005 hearing was defense counsel's alleged failure to investigate and interview witnesses.

Petitioner alleges that defense counsel failed to interview witnesses who could have provided Petitioner with an alibi defense. The witnesses who could have allegedly provided an alibi defense for Petitioner are: (1) Petitioner's mother; (2) Petitioner's two sisters; (3) Petitioner's brother; (4) an individual identified by the name Chocolate; and (5) other unnamed individuals.

An interview by Hang Lai[2] of Petitioner's sisters could not substantiate Petitioner's contention that he lived at his mother's house during the time that the events transpired in this case. Petitioner's mother was not interviewed because she did not speak English. Moreover, defense counsel testified at the November 30, 2005 hearing that Petitioner repeatedly told him that he did not want his mother involved in the case. Additionally, the court notes that because Petitioner's sisters' statements to Ms. Lai directly contradicted Petitioner's assertions, defense counsel had no responsibility to conduct an interview with Petitioner's mother with respect to those same issues.

With respect to Petitioner's brother, Petitioner did not give an address or a phone number by which to contact him. Defense counsel called Petitioner's

_____

[2]Ms. Lia is a paralegal with the Federal Public Defender for the Middle District of Pennsylvania.

mother's house, but was always informed that the brother was in treatment and not there.

       With respect to the witness known as Chocolate, defense counsel could not locate him. Petitioner did not know Chocolate's given name. The only information Petitioner gave with respect to this witness was that he frequented an unknown bar in an unknown location in Philadelphia.

       As to the unnamed individuals, Petitioner provided no specific information as to how these individuals might be contacted. Petitioner stated that the individuals had nicknames; however, Petitioner could not remember these nicknames or any other means by which to identify them. Thus, defense counsel was unable to locate any of these individuals.

       Petitioner's argument that defense counsel's alleged failure to interview witnesses constitutes ineffective assistance of counsel fails to show that defense counsel's representation fell below an "objective standard of reasonableness." *Strickland*, 466 U.S. 688. Accordingly, Petitioner's motion will be denied with respect to this issue.

      iii.    **Failure to Require the Government to Prove that Petitioner Made the Drug Sale**

       Petitioner argues that defense counsel failed to require the government to prove that he had actually made the drug sale that killed the decedent. According to Petitioner, this constitutes ineffective assistance of counsel. The court notes that all of the evidence made available to Petitioner, through his counsel, would refute his contention that he did not sell the drugs that killed the decedent. The Government, in its proffer, asserted that 11 witnesses would testify as to how they arranged to buy drugs from Petitioner at his Philadelphia address. Additionally, there was evidence

that Petitioner used a phone belonging to his girlfriend to arrange drug sales to

individuals in the Lewistown area. Finally and most importantly, Petitioner made the

following statement:

> I sold heroin to several people from Lewistown,
> Pennsylvania. I know that selling heroin is wrong and I
> apologize to the Court for my actions. I did not intend to
> hurt or kill anyone. I did not go looking for people to buy
> heroin in Lewistown. The people in Lewistown came to
> me asking for heroin. I would contact the supplier and then
> I would get the heroin for them. I was not the supplier of
> the heroin. I was only the middleman. I am very sorry that
> one person died as a result of the heroin I sold. I never
> intended for anyone to die.

(Presentence Report ¶ 16.)

The Government's proffer and Petitioner's own statement to the court

refute Petitioner's assertion that he did not sell the drugs to the decedent. The court

finds Petitioner's argument is without merit. Petitioner's motion will be denied with

respect to this issue.

### iv.    Failure to Challenge the Autopsy Report

Petitioner alleges that defense counsel failed to challenge the autopsy

report of the decedent. However, the record reflects that defense counsel hired an

independent toxicologist, whose expert opinion supported the autopsy report that

heroin was the cause of the decedent's death. The fact that Petitioner does not

believe this is appropriate evidence is contrary to the Federal Rules of Evidence.

Petitioner's motion with respect to this issue will be denied.

### v.    Failure to Utilize Motions/Briefs Drafted by the NLPA

Petitioner alleges that defense counsel failed to utilize two

motions/briefs drafted by the NLPA. The first motion/brief was related to a 5K1.1

departure for Petitioner. With respect to this issue, the record reflects that defense

9

counsel arranged a meeting between Petitioner and DEA agents so that Petitioner could identify his supplier of heroin. The meeting was held; however, Petitioner failed to provide any information to the DEA agents. Consequently, the Government did not file a 5K1.1 motion. Thus, the failure to obtain a 5K1.1 departure was not due to defense counsel and/or defense counsel's failure to utilize the said motion/brief; rather, the failure to obtain a 5K1.1 departure was the result of Petitioner's failure to cooperate.

The second motion/brief related to a downward departure for acceptance of responsibility. The court notes that Petitioner did receive a two point downward departure for acceptance of responsibility; however, Petitioner did not receive the additional third point reduction that is given for timeliness of acceptance of responsibility. At the point Petitioner accepted responsibility, a jury had already been selected and the Government was prepared for trial. Accordingly, the court did not deem Petitioner's acceptance to be timely pursuant to USSG § 3E1.1(b).

The court finds that Petitioner's arguments related to the motions/briefs drafted by the NLPA are without merit. The court will deny Petitioner's motion with respect to this issue.

**vi.    <u>Failure to Recommend that Petitioner be Placed in a Drug Rehabilitation Program</u>**

At the November 30, 2005 hearing, Petitioner asserted that defense counsel had failed to recommend that he be placed in a drug rehabilitation program while incarcerated. However, Petitioner testified at trial that he had participated in a drug rehabilitation program while in prison; however, he has chosen to discontinue participation. With respect to this issue, Petitioner's argument is wholly devoid of merit.

10

vii.    **Failure to Advise Petitioner With Respect to the Relevant Law and Potential Sentence**

Petitioner alleges that defense counsel failed to advise him of the relevant law concerning conspiracy.  However, defense counsel asserts that he explained the relevant law to Petitioner on numerous occasions.  The court accepts defense counsel's assertion.  Additionally, the court points to the extensive proffer made by the Government during Petitioner's change of plea hearing that clearly explained conspiracy and Petitioner's role in the conspiracy.  The court notes that it advised Petitioner of the relevant law at his change of plea hearing.  During Petitioner's change of plea hearing the court asked Petitioner:

> First of all, do you understand that a conspiracy is an agreement between two or more persons to do an unlawful act, and you don't need a signed or written contract or anything in writing? It merely means that you mutually agreed by your actions, whether verbal or nonverbal to do certain acts, to due an unlawful act. In this case, the unlawful act of the distribution of heroin. Do you understand conspiracy?

Petitioner responded "yes."  (Tr. Change of Plea Hr'g at 10.)  Furthermore, this issue has already been addressed by the Third Circuit on direct appeal from Petitioner.  The Third Circuit found no error with respect to the court's explanation of conspiracy.  *United States v. Davila*, No. 02-1446, slip op. (3d Cir. March 27, 2003).

With respect to his potential sentence, Petitioner alleges that defense counsel erroneously told Petitioner that he would receive a double life sentence if he proceeded to trial and was found guilty.  At the November 30, 2005 hearing, defense counsel denied Petitioner's assertions.  Defense counsel testified that Petitioner

11

repeatedly brought up the possibility of a double life sentence; however, defense counsel informed Petitioner that there was no possibility of a double life sentence.[3]

Petitioner also asserted that defense counsel informed him that if he plead guilty he would only receive a 20 year sentence. Defense counsel at the November 30, 2005 hearing denied Petitioner's assertion. The court notes that Petitioner was informed prior to changing his plea that the mandatory minimum he faced was thirty years.[4] (*Id.* at 7-8.)

The court finds that Petitioner's arguments related to the explanation and his understanding of the relevant law and his potential sentence are without merit. Petitioner's motion will be denied with respect to these issues.

**C.    Argument Four**

With respect to Petitioner's argument that the government provided no expert testimony to establish the decedent's cause of death, the court finds Petitioner's argument is without merit. An autopsy was performed and the autopsy report was made available to all parties. As previously stated, defense counsel hired an independent toxicologist whose report confirmed that heroin was the cause of decedent's death. Petitioner's argument is wholly without merit. The court will deny Petitioner's motion with respect to these issues.

---

[3] Additionally, the court points to a letter that Petitioner sent to this court in which it appears that he accuses this judge of threatening to impose a double life sentence. (Govt.'s Ex. 3.) The court made no such threat.

[4] The court notes that plea agreement initially indicated that the mandatory minimum was twenty years; however, that mistake was corrected and Petitioner initialed the correction.

12

**D.    Argument Five**

Petitioner alleges that his Sixth Amendment rights were violated by the failure of the Government to provide him with counsel at his removal hearing in the Eastern District of Pennsylvania. The record establishes that Petitioner was provided counsel by the Defenders Association of Philadelphia. (Govt's Br. in Opp. Attach. B at 5.) Accordingly, the court will deny Petitioner's motion with respect to this issue.

**E.    Argument Six**

Petitioner argues that Special Assistant U.S. Attorney Steve Snook, who was also the District Attorney for Mifflin County, was without "jurisdiction" to prosecute Petitioner because his appointment as a Special Assistant U.S. Attorney had expired during the prosecution of the case. However, the record shows that Mr. Snook was duly appointed from June 4, 1999 through November 13, 2005, with a break in said appointment from June 4, 2000 through December 6, 2000. (Govt's Br. in Opp. Attach. C.) Petitioner was indicted on January 17, 2001 and was sentenced on February 2, 2002. Thus, Mr. Snook was duly appointed at all times relevant to the instant motion. The court notes that Mr. Snook was "second chair" in the case against Petitioner. Thus, even if Mr. Snook's appointment had expired, Petitioner's argument would fail. The court will deny Petitioner's motion with respect to this issue.

**F.    Argument Seven**

Petitioner's next argument is that his sentence is unconstitutional because he was sentenced under the United States Sentencing Guidelines, which Petitioner contends are unconstitutional. *See United States v. Booker*, 543 U.S. 220 (2005). Without getting into a discussion on *Booker*, the court notes that the Third

13

Circuit has held that *Booker* is not retroactively applicable on collateral review. *In re Olopade*, 403 F.3d 159 (3d Cir. 2005). Because *Booker* is not retroactively applicable Petitioner's argument fails. The court will deny Petitioner's motion with respect to this issue.

### G.    Argument Eight

Petitioner asserts that the sentence of restitution was illegal because no investigation was made into Petitioner's ability to pay the amount of restitution imposed. Considering the duration of Petitioner's sentence and his ability to work while in prison, the court finds that Petitioner will be able to meet said restitution. The court ordered restitution of $11,209.66 and Petitioner has been sentenced to 384 months. The court ordered restitution divided by Petitioner's sentence works out to approximately $29.19 per month. Accordingly, Petitioner has the ability to pay the restitution imposed. Additionally, Petitioner will have five years of supervised release to pay any remaining restitution. Petitioner's argument will be denied with respect to this issue.

### H.    Argument Nine

Petitioner's final argument is that his due process rights were violated because Petitioner has a hearing impediment that prevented him from hearing during the change of plea hearing and during the sentencing. The November 30, 2005 hearing addressed this issue. While the court recognizes that Petitioner alleges to have a hearing impediment, the court finds that Petitioner has presented no evidence that his alleged hearing impediment affected his ability to understand during his change of plea hearing and his sentencing hearing.

14

To begin, the court notes that both Petitioner's trial level counsel and the paralegal testified at the November 30, 2005 hearing that they never had any difficulty conversing with Petitioner. Additionally, DEA Special Agent Mark Andrasi testified at the November 30, 2005 hearing that during his interviews with Petitioner he has never had any difficulty communicating with Petitioner.

The court has examined the change of plea hearing transcript and found that Petitioner's answers were coherent and appropriate to the questions being asked. Petitioner's answers were not merely yes and no answers, but at times detailed, thus indicating that Petitioner understood the questions being asked. Moreover, during both his change of plea hearing and his sentencing, Petitioner stated that he could understand. The court finds Petitioner's argument disingenuous and will deny Petitioner's motion with respect to this issue.

## IV.    Conclusion

In accordance with foregoing reasons, Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be denied. An appropriate order will issue.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  December 5, 2005.

15

## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1: CR-01-018 |
| | : | |
| v. | : | |
| | : | |
| GEOVANNI DAVILA | : | |

## O R D E R

In accordance with the foregoing memorandum of law, **IT IS HEREBY ORDERED THAT:**

     1) Petitioner's motion filed pursuant to 28 U.S.C. § 2255 is **DENIED.**

     2) The court declines to issue a certificate of appealability.

     3) The Clerk of Court shall close the file.

                             s/Sylvia H. Rambo
                             SYLVIA H. RAMBO
                             United States District Judge

Dated:  December 5, 2005.