IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : **CRIMINAL NO. 1: CR-01-018**
:
**v.** :
:
**GEOVANNI DAVILA** :

# O R D E R

      Before the court is Defendant's motion for a rehearing. In his "wherefore" clause, he seeks leave to return to the court of appeals. It appears Defendant is claiming that his request for a rehearing before the court of appeals was denied because he did not file transcripts with the court of appeals, which he blames on the court reporter.

      A review of the Third Circuit Court of Appeals docket reveals the following:

| | |
|---|---|
| June 29, 2006 | Denial of a certificate of appealability of district court ruling on 28 U.S.C. § 2255 motion. |
| December 21, 2006 | Denial of a motion for reconsideration of an order of November 20, 2006 denying petition for extension of time to file petition for rehearing. |

Thus, Defendant's claim that he was granted a rehearing is incorrect. Defendant was initially granted an extension of time by the circuit court to file aa <u>petition</u> for rehearing. Furthermore, in response to his request to the court reporter for transcripts, the court reporter requested that Defendant

send to her the district docket number and a copy of the court order granting *in forma pauperis* status.[1]  This information was never received.

      This court cannot supersede the court of appeals denial of a rehearing before it.  **IT IS THEREFORE ORDERED THAT** the motion for rehearing is **DENIED.**

          s/Sylvia H. Rambo
          SYLVIA H. RAMBO
          United States District Judge

Dated:  January 26, 2007.

---

[1] The court reporter contacted by Defendant was not the court reporter involved in Defendant's proceedings before the district court.