IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 1: CR-01-018** |
| v. | |
| **GEOVANNI DAVILA** | |

## M E M O R A N D U M

Before the court is a motion filed pursuant to Federal Rule of Civil Procedure 60(b) for relief from judgment entered on December 5, 2005. That judgment was a result of a motion filed by Defendant pursuant to 28 U.S.C. § 2255.[1] A hearing on that motion was held on November 30, 2005 and Defendant's motion was denied by order dated December 5, 2005. The instant motion alleges that Defendant has newly discovered evidence that the testimony and evidence presented at the November 30, 2005 hearing was perjured and fabricated.

Following the December 5, 2005 order, Defendant then filed a notice of appeal of that order which the court of appeals construed as a request for a certificate of appealability.[2] By order dated June 29, 2006, the court of appeals denied the certificate of appealability. Defendant filed a motion for an extension of time to file a petition for rehearing which was denied on November 20, 2006. A motion for reconsideration of that order was denied on December 21, 2006.

---

[1] This was docketed to M.D. Pa. No. 1:CR-01-018.

[2] This was docketed to C.A. No. 06-1581.

A motion to file a second or successive petition was denied on January 28, 2008.[3] In a motion for reconsideration of that order, Defendant set forth, in part, the following reasons his request to file a second or successive s 2255 petition should be granted: "the right to expose gross government corruption . . . the prosecutor's attempts to use perjury and fabricated evidence . . . ."

Exhibit A to the instant motion is a copy of a motion for reconsideration dated December 9, 2007 filed in Defendant's appeal docketed to number C.A. No. 06-1581. That motion also stated that the habeas hearing made "use of perjury and fabrication of evidence." The appellate court addressed this issue as follows: "petitioner makes no showing that a claim in his application rests . . . on newly discovered evidence sufficient to establish by clear and convincing evidence . . . ." (Order of Jan. 28, 2008, C.A. No. 07-4704). Thus, the issue in the instant motion was previously raised before the court of appeals.

Furthermore, the instant motion is untimely. The time for filing a Rule 60(b) motion for reasons of newly discovered evidence or fraud is one year. Federal Rule of Civil Procedure 60(c). Defendant has been alleging fraud and perjured testimony since December 9, 2007 (Motion for reconsideration, C.A. No. 06-1581). Exhibit B to the instant motion contains affidavits of Defendant's sister and two brothers alleging facts contrary to evidence given in the habeas hearing. The affidavits are dated June 3, 2008. It is inconceivable Defendant did not have occasion to talk or write to one or all of his siblings who claim facts contrary to evidence at the habeas hearing prior to the expiration of the one year period to file a timely Rule 60(b) motion. Petitioner has not set forth any justification for not filing the instant motion timely.

---

[3]This was docketed to C.A. No. 07-4704.

The instant motion to set aside the judgment of December 5, 2005 is an attempt to file a second or successive § 2255 petition which has previously been denied by the court of appeals. The motion will be denied by separate order.

                                                      s/Sylvia H. Rambo
                                             United States District Judge

Dated: November 5, 2009.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : **CRIMINAL NO. 1: CR-01-018**
:
**v.** :
:
**GEOVANNI DAVILA** :

# **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the motion filed pursuant to Federal Rule of Civil Procedure 60(b) (doc. 121) is **DENIED**.

                                                        s/Sylvia H. Rambo
                                                   United States District Judge

Dated: November 5, 2009.